## WILSON SEWING MACHINE COMPANY
### v.
## WILLIAM LEWIS ET AL.

10 191
44 232
10 191
54 373
10 191
61 268
10 191
73 403

1. DEPOSITION—SUPPRESSING.—An objection to the testimony of a witness when giving his deposition, which could be corrected by re-taking the deposition, comes too late when made for the first time on the trial of the cause.

2. DEPOSITIONS.—Where a deposition contains evidence pertinent to the issue, it should not be suppressed because the witness made a mistake in the christian name of one of the signers of the bond sued on.

3. PRACTICE—RIGHT OF PLAINTIFF TO DISMISS.—A plaintiff may take a nonsuit on the announcement of the finding of the court, and before the case is finally disposed of by entry on the docket.

4. PRACTICE—FORM OF JUDGMENT IN SUIT ON PENAL BOND.—In an action upon a penal bond, if the court finds that the condition of the bond has been broken, judgment should be rendered in debt for the penalty of the bond, as well as the damages, the judgment in debt to stand as security for future assessment of damages.

ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed January 17, 1882.

Mr. LUMAN ALLEN, for plaintiff in error; that the objection to the deposition should have been specific, and the court erred in suppressing it, cited McGraw v. Welch, 2 Col. 284.

The damages were insufficient, and in conflict with the evidence: Van Buren v. Swan, 4 Allen, 380; Board of Tr. v. Misenheimer, 78 Ill. 22.

A judgment in damages only, was erroneous: Rev. Stat. 1877, 736; Orton v. Butler, 5 B. & Ad. 654; 1 Chitty's Pl. 108.

The finding of the issues against two only of three defendant's who were in court, in a joint action, was error: 1 Chitty's Pl. 705; Stratfield v. Halliday, 3 T. R. 782; Flake v. Carson, 33 Ill. 518.

Plaintiff could dismiss its suit at any time before entry of judgment: Puterbaugh's Pl. and Pr. 818; Howe v. Harroun, 17 Ill. 494.

The judgment should show the amount of debt and damages: Rev. Stat. 1877, 736; Loose v. Loose, 36 Pa. St. 528.

Mr. FRANCIS M. WRIGHT, for defendant in error; that judgment against two defendants, the other not being served, was correct, cited Frazier v. Resor, 23 Ill. 88; Gardner v. Hall, 29 Ill. 277.

Judgment for damages only is not sufficient ground for reversal: Bowden v. Bowden, 75 Ill. 143; Gleason v. Henry, 71 Ill. 109.

Upon the power of the court to reduce the amount of damages upon a motion for new trial: Godfreidson v. The People, 88 Ill. 284.

HIGBEE, P. J.   This was an action of debt commenced by plaintiff in error against defendants in error on a penal bond, executed to plaintiff by Scovell as principal, and defendants Lewis and Lovejoy as sureties.

The condition of the bond as set out in the declaration is as follows:

"If the above bounden, Otis Scovell, shall well and truly pay, or cause to be paid, any and every indebtedness or liability now existing, or which may hereafter in any manner exist or be incurred on the part of said Otis Scovell to said Wilson Sewing Machine Company, whether such indebtedness or liability shall exist in the shape of book accounts, notes or leases, renewals of extensions of notes, accounts, or leases; acceptances, endorsements, consignments of property, or merchandise, failure to deliver or account for the same, or any part thereof, hereby waiving presentment for payment, notice of non-payment, protest and notice of protest, and diligence upon all notes, accounts or leases, now or hereafter executed, indorsed, transferred, guaranteed or assigned by said Scovell to said Wilson Sewing Machine Company, then this obligation to be void, but otherwise to be and remain in full force and effect."

The first, second and third breaches assigned on the condition of the bond are for the non-payment of money due on an account for machines sold and delivered by plaintiff to Scovell,

and the remaining breaches (from four to ten inclusive) are for the non-payment of certain promissory notes payable to Scovell, and endorsed by him to the plaintiff.

Defendants Lewis and Lovejoy alone were served with process, and they appeared and filed five pleas to plaintiff's declaration. The first, second, and fifth are pleas of *nil debet*. The third and fourth set up accord and satisfaction.

Issue was joined upon these pleas, and a jury waived and a trial had before the court, when a judgment was rendered in favor of the plaintiff in error for $292.62 damages and costs of suit, from which plaintiff appeals to this court and assigns numerous errors upon the rulings of the trial court.

It is first insisted that the court erred in suppressing the entire deposition of Charles D. Harper, on the trial of the cause.

The witness was the Secretary of the Wilson Sewing Machine Company, and as such familiar with the transactions of the parties. He testified that Scovell was indebted to plaintiff for machines sold to him under a written contract of the 30th of June, 1876, secured by a bond signed by Owen Lovejoy and William Lewis, on book accounts, $333.52, and on notes endorsed by him to plaintiff in the further sum of $522.0 ; making in all to date of deposition, 29th day of March, 1879, including interest, $937.58. This deposition was regularly taken on notice and properly certified, and no exceptions were taken to it before the trial, but on the hearing it was, on motion of defendants, suppressed, because the witness in describing the bond to secure the performance of the contract, says it was signed by *Owen* Lovejoy instead of *Albion* Lovejoy. Independent of the question of who signed the bond, the deposition contained evidence pertinent to other issues and should not have been suppressed. But it is apparent from the whole deposition that the witness made a mistake in the christian name of one of the signers of the bond, which could have been corrected by retaking the deposition. Such objections come too late when made on trial for the first time. Rockford, R. I. & St. L. R. R. Co. v. Coppinger, 66 Ill. 510.

It is also assigned for error that the court refused to permit

plaintiff to dismiss its suit.   The record shows that on the 30th day of October, 1879, after the evidence had all been heard by the court without a jury, both parties, by attorneys, being present in court, the judge announced that he found the issues in the cause for the plaintiff as against defendants, Lewis and Lovejoy, and assessed plaintiff's damages at $865.58, and entered the same on the judge's docket; whereupon defendant's counsel entered a motion for a new trial:

1st.   Because the court admitted improper evidence.

2nd.   The finding and judgment are not sustained by the evidence.

3rd.   The damages are excessive.

And afterwards on the 10th day of November, 1879, the motion for a new trial was heard by the court, when the judge announced that he would reduce the damages in the cause to $297.62, whereupon the plaintiff, by its attorney, offered to dismiss its suit; but the court refused to allow it to do so, and thereupon overruled the motion for a new trial, and gave judgment for the plaintiff for $297.62.   To which rulings the plaintiff at the time excepted.

On the first intimation to plaintiff's attorney that the court had determined to reduce the assessment of damages from $865.58 to $297.62, he offered to dismiss the suit.   Up to that moment the finding of the court had been satisfactory to him.

At common law which recognized trials alone by jury, a nonsuit could only be submitted to before the jury retired; but under our statute permitting the parties to dispense with a jury, and giving the right to except to the opinions of the court, a nonsuit may be taken on the announcing of the finding of the court, and before the case is finally disposed of by entry on the docket.   When plaintiff's attorney offered to take a nonsuit, the motion for a new trial was still pending and subsequently overruled and final judgment announced and entered on the minutes of the judge.

The application to dismiss the suit was made in apt time, and should have been allowed by the court.   Howev. Harroun, 17 Ill. 494; Adams et al. v. Shepard, 24 Ill. 464.

It is next contended that the court erred in rendering judgment for the damages only.

The suit is on a penal bond, in the sum of $1,000, and the declaration is for the debt as well as the damages.

On the court finding that the condition of the bond had been broken, it was its duty to render judgment in debt for the penalty of the bond as well as the damages, the debt to stand as a security for future assessments of damages.

We are also of the opinion that the evidence in the record, not contradicted by defendants, made a *prima facie* case, entitling plaintiff to recover the amount first found by the court, and that the same should not have been reduced.

The deposition of Harper taken in a former suit and admitted on the trial of this cause, showed that there was due to plaintiff from Scovell on book account, $333.52, and the notes endorsed by him to plaintiff, amount to $522.40. The indorsement of these notes by Scovell was fully proved by the evidence of the witness Allen, and the letters of the parties found in the record.

By the terms of the bond, Scovell had waived protest and notice thereof and all diligence required by law, of plaintiff, in pursuing the makers of the notes. But as it is not probable that this case will be again tried upon the same evidence now before us, and as many of the objections to it may be obviated on a new trial, we deem it unnecessary to discuss it farther.

For the errors we have indicated the judgment is reversed and the cause remanded.

Reversed and remanded.