## TOWN OF SHELDON
### v.
## GEORGE BURRY AND WILLIAM BURRY.

*Attorney and Client — Fees — Recovery of Evidence — Deposition — Instructions.*

1. Objections to the introduction of certain evidence in a given case can not be primarily made herein.

. 2. An objection to a deposition which could be removed or obviated by a new examination or a re-examination of the deponent, can not be considered after the case is called for trial.

3. In an action brought by attorneys to recover from a municipality for fees earned and disbursements made in certain suits, this court declines, in view of the evidence, to interfere with the verdict for the plaintiffs.

[Opinion filed May 21, 1891.]

IN ERROR to the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KAY, EUANS & KAY, for plaintiff in error.

Messrs. HARRIS & HOOPER, for defendants in error.

UPTON, J. This suit was in assumpsit. The declaration contained the common 'counts only, with affidavit of merits, to which the general issue was interposed, with affidavit of meritorious defense.

The suit was instituted to recover from plaintiff in error attorneys' fees and claimed disbursements in the defense and

prosecution of certain suits brought in the United States Circuit Court for the Northern District of Illinois by the holders of certain bonds issued by the plaintiff in error in aid of the construction of the Chicago, Danville & Vincennes Railroad, originally amounting in the aggregate to $25,000, and for professional services claimed to have been rendered by defendants in error in drafting various and several bills in equity to restrain the collection of said bonds in the Federal and State Courts in the States of Maine, New York and Illinois. Defendants in error also claimed fees and compensation for obtaining, as claimed, a compromise and settlement of about $40,000 of such bonded indebtedness of plaintiff in error for the amount of $2,545.34, or about ten per cent of the face or par value thereof.

The amended and original bills of particulars filed by defendants in error claimed as due from plaintiff in error $7,610.45, over and above discounts or set-offs thereto.

The claimed services extended over a period of three years and eight months, and the moneys claimed to have been disbursed by defendants in error was $110.45. Upon this claimed account defendants in error had received to apply thereon the sum of $1,500 at the commencement of this suit. In the Circuit Court a trial was had with a jury, and a verdict found for defendants in error for $4,000, upon which, after overruling a motion for a new trial, judgment was rendered in the trial court, to which plaintiff in error excepted; to reverse which judgment this writ of error was sued out.

It appears from the evidence in this record that defendants in error were at first employed by plaintiff in error in the litigation referred to under a special contract as to fees and compensation in the trial of one suit only, the trial of which, being thereafter abandoned and an entirely different method of procedure in regard to that litigation being adopted by plaintiff in error, the defendants in error were employed on a general retainer, as they contend, to protect the interests of plaintiff in error in whatever litigation might arise in an attempt by the holders of the said bonds to

enforce collection thereof, and that the first retainer under such stipulated compensation for service in that regard was abandoned by the act and direction of plaintiff in error. Defendants in error contended that no specific compensation was ever agreed upon, or sought to be agreed upon, by either party to this litigation, as to the amount of compensation defendants in error should receive for the services rendered or to be rendered in that behalf, and hence they are entitled to receive what the same were reasonably worth.

In this contention the jury found for the defendants in error, and after careful examination and study of this record, we are unable to say that the jury were not fully warranted in so finding. This was entirely a question of fact for the jury, and unless some error in the rulings of the trial courts prejudicial to the plaintiffs in error intervened to produce the result, we can not interfere.

Objection is made by plaintiff in error to the action of the trial court in the overruling of certain objections made to certain questions and the answers thereto contained in the depositions of William Burry, Thomas S. McClelland, W. S. Ewing, J. S. Cooper, H. S. Munroe and Thomas Bates, attorneys. The objection to the deposition of William Burry now made is, in substance, that he was allowed to state the whole history of the litigation from the time the defendants in error became connected therewith until its close.

There does not appear to have been any such objection made to this evidence in the trial court by plaintiffs in error. It is too late to raise it here for the first time; besides, we perceive no valid objection to Burry stating all the facts and circumstances under which the claimed service was rendered, and the nature, amount and value thereof. The objection to the other depositions above named now interposed is, that the evidence of these attorneys therein contained as to the value of defendants in error's services, in fact covered the period of time when the fees and compensation of defendants in error were fixed by special agreement and did not call for the usual and customary fees for such services.

The objection we can not regard as well taken, for several

reasons; in the first place the jury have virtually found that no special agreement existed; that the one first made, for the reasons before stated, was abrogated and abandoned, and the evidence establishes that fact beyond question, as we think. Secondly, there was no objection specifically upon the ground first above mentioned taken in the trial court, nor motion made to suppress the deposition or any part thereof before the trial. If such objection had been taken in the proper way and in apt time, the claimed defects might have been obviated, if in fact any such defects there were. It can not be made here for the first time and rendered availing. There was no objection made to this testimony at the time it was taken and no cross-examination of either witnesses upon that subject shown by the record before us, and in regard to the value of the services rendered which are sought to be established by the evidence contained in the depositions complained of, we think the objections are not well taken in fact, and that the questions and answers are not in point of fact objectionable, as claimed by plaintiff in error.

The rule is well established that an objection to a deposition which could be removed or obviated by a new examination or a re-examination of the deponent can not be considered after the case is called for trial. Kassing v. Mortimer, 80 Ill. 602; Wilson S. M. Co. v. Lewis, 10 Ill. App. 191.

The issue being the reasonable value of defendants in error's service to plaintiff in error, rendered the questions and answers complained of in the depositions not objectionable, and the Circuit Court rightfully so held, as we think.

We think the second, third, sixth, eighth and ninth instructions asked and given to the jury were proper and substantially covered the case as established by the evidence. We also think that the refused instructions and those modified were properly so refused and modified and there is no error in the ruling of the Circuit Court in the admission or rejection of evidence on the trial, apparent to us by the record, and the judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*