Stanton v. Kinsey.

---

## William A. Stanton

v.

## Frank Kinsey and Thomas J. Callinan, Copartners.

*Practice—Motions—When Notice not Required—Nonsuit, When May be Taken.*

A special demurrer to a declaration having been sustained in the case presented, it was proper for the court, on a subsequent day of the term, on motion of the plaintiff, without notice to the defendant, to set aside the order sustaining the demurrer and allow the plaintiff to take a nonsuit.

[Opinion filed April 9, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Samuel P. McConnell, Judge, presiding.

Mr. James A. Peterson, for appellant.

Messrs. Tenney, Church & Coffeen and George R. Mitchell, for appellees.

Waterman, P. J. The plaintiff in the court below brought an action of debt upon an injunction bond. A special demurrer to the declaration being filed, an order sustaining the same was entered February 6, 1892. On the 8th of February, at the same term, on motion of the plaintiff the order of February 6th was set aside and the plaintiff allowed to take a nonsuit. This last order was entered in the absence of the defendant, and so far as appears without notice to him. On the 9th of February, at the same term, the defendant appeared anew, without having served any notice of such motion, and moved the court for leave to except to the order of court entered on the 8th of February...

Rules 13 and 19 of the Circuit Court are as follows:

Rule 13. "Motions not of course, or contested motions, will be heard on any Saturday of each term, after disposition of motions for a new trial on that day, one day's notice in writing having been previously given. The clerk will from time to time prepare a calendar of contested motions, upon which such motions will be paced in the order in which notice thereof is given to him. A peremptory call of such motions will be made when ordered by the court, of which three days' notice will be given in the Law Bulletin."

Rule 19. "All notices shall designate by name the judge before whom the matter therein referred to is to be called up, and no motion or other matter requiring notice will be heard unless the rule is complied with, in the absence of the party entitled to notice."

It is insisted that it was error for the court to have set aside its judgment upon the demurrer, and to have allowed

the plaintiff to take a nonsuit. Rules 13 and 19 do not prohibit the hearing of even contested motions upon any day but Saturday; the rules merely provide for the making of a calendar for such motions, getting them placed thereon, and a time which the court may be expected to devote to such business.

The motion for setting aside of the judgment on the demurrer and for leave to take a nonsuit is not of a character ordinarily regarded as a contested matter. It has become in this State almost a matter of course to allow either party to plead over after judgment upon demurrer. A decision of the court overruling or sustaining a demurrer, but not entering judgment thereon so as to dispose of the case, is merely interlocutory and no appeal lies therefrom. Pentecost v. Magahee, 4 Scam. 326; Mays v. Caldwell, 5 Gil. 33; Knapp v. Marshall, 26 Ill. 63; Gage v. Eich, 56 Ill. 297; Fleece v. Russell, 13 Ill. 31; Black on Judgments, Sec. 29. Even if a final judgment had, on sustaining the demurrer, been entered, it could have been in the discretion of the court, set aside at any time during the term. Black on Judgments, Sec. 306; Frink v. King, 3 Scam. 144; Stahl v. Webster, 11 Ill. 511; Coughran v. Gutcheus, 18 Ill. 390. The record recites that there was no evidence before the court upon the granting of the motion to set aside the order sustaining the demurrer. Such being the record, it is clear that it can not be said that the court erred in making such order. The making of the order was discretionary with the court, and the record must show that the court abused its discretion or its action will not be interfered with. A plaintiff, no plea of set-off having been filed, may take a nonsuit at any time before the jury retire from the bar. He can not take a voluntary nonsuit after a verdict has been rendered, unless the verdict has been set aside and a new trial granted. Ross v. The City of Chicago, 120 Ill. 365. In such case, the defendant is entitled to the judgment of the court either granting a new trial or rendering judgment on the verdict.

Where no plea of set-off has been filed and the jury have

not retired from the bar, the plaintiff is at liberty to dismiss his suit or take a voluntary nonsuit. Berry v. Savage, 2 Scam. 261; Howe v. Harrun, 17 Ill. 494–497; Wilson S. M. Co. v. Lewis, 10 Ill. App. 191; Thompson on Trials, Sec. 2230; Adams v. Shepard, 24 Ill. 464; Gordon v. Goodell, 34 Ill. 429. The only order made from which an appeal lies, was that giving the plaintiff a voluntary nonsuit; such proceeding was proper and the judgment will be affirmed.

*Judgment affirmed.*