Steany Sroke, Defendant in Error, v. R. W. McCready Cork Company, Plaintiff in Error.

### Gen. No. 15,251.

MUNICIPAL COURT—*section of act respecting non-suits construed.* A motion for a non-suit by the plaintiff is properly allowed if the jury is still in the box and has not left the bar of the court, notwithstanding the trial judge has announced his intention of peremptorily instructing in favor of the defendant.

Error to the Municipal Court of Chicago; the Hon. THOMAS B. LANTRY, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed July 14, 1910. Rehearing denied July 21, 1910.

JOHN CLARK BAKER, for plaintiff in error.

No appearance by defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The cause before us for review of the record of the Mun-

icipal Court was tried before a judge of that court with a jury. When plaintiff rested his case defendant moved to instruct a verdict in its favor. This motion the trial judge determined to allow and was about to instruct the jury to render its verdict in defendant's favor when plaintiff, the jury still being in the jury box and not having left the bar of the court, moved for a non-suit. This motion the court allowed and judgment for costs against plaintiff was accordingly entered. There is but one question calling for our determination, which is, whether under section 30 of the 1907 Amendment to the Municipal Court Act, plaintiff's motion for a non-suit should have been denied and the motion of defendant to instruct a verdict allowed. That portion of section 30 under discussion reads: "Every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case the trial is by the court without a jury, states its finding." This case was tried with a jury, so that the latter part of the section which regulates the right to a non-suit in cases tried before the court without a jury has no application. The portion of the section before us for interpretation is to the same purport and effect as section 70 of chapter 110, title "Practice," before it was amended by the Legislature in 1907. It therefore follows that the construction of section 70, *supra,* by the Supreme Court, before its amendment, is equally controlling as authority in construing section 30 *supra.*

As early as Berry v. Savage, 2 Scam. 261, the court in construing this statute gave it a broad interpretation by holding that plaintiff's right to a non-suit was not barred until the whole case, evidence and instructions, were with the jury, and that in the event of the jury returning to the bar of the court for further instructions, then before the jury again retired from the bar of the court the plaintiff might, if he saw fit, take a non-suit. Prior to this statute, and by force of the common law, there could be no non-suit except on the motion of the defendant. Holmes v. C. & A. R. R., 94 Ill. 439. In Stanton v. Kinsey, 44 Ill. App.

229, it was held that in a case where there was no plea of set-off and the jury had not retired from the bar of the court to consider of their verdict, the plaintiff had the right to dismiss his suit or take a voluntary non-suit. We are not concerned with any question of expediency in allowing a non-suit at a time when a plaintiff knows from the expressed opinion of the trial judge that his case will be determined against him and that another trial will in all probability result in like defeat.

We are circumscribed by the statute and the construction placed upon it by the highest judicial tribunal of the State, and are not permitted, even if we had other views of the construction which we might think should be indulged, to depart from such interpretation, which is the law of the case. In trials by jury the right of plaintiff to take a non-suit at any time before the jury retires from the bar of the court, which has existed since 1845, still obtains unchanged by subsequent statutory enactment. The amendments relate solely to trials before the court without a jury.

The allowance of the motion to dismiss being in accord with statutory right, the judgment of the Municipal Court is affirmed.

*Affirmed.*