### N. E. Roberts v. R. L. Patterson.

1. PRACTICE—*Withdrawing Erroneous Instructions.*—It is not error for the court to withdraw an instruction which should not have been given. If counsel offer an erroneous instruction, which the court through inadvertence gives, he has no right to complain when the court discovers its error and corrects its action by withdrawing the instruction.

**Assumpsit,** on a promissory note. Error to the Circuit Court of Wayne County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

CREIGHTON, KRAMER & KRAMER, attorneys for the plaintiff in error.

J. R. HOLT, attorney for defendant in error.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Plaintiff in error claims a set-off against a promissory note for $140.75, signed by him and payable to O. P. Patterson, and by him indorsed after maturity to defendant in error. The claim grows out of the following transaction :

N. E. Roberts, plaintiff in error, and O. P. Patterson, were joint owners of some timber, which they sold for $600, taking in payment three promissory notes, one for $100, one for $200, and one for $300. These notes were left in the custody of Roberts. Subsequently, upon the call of O. P. Patterson, he gave to Patterson the $100 and $200 notes, retaining the $300 note. Patterson claims that

at this time it was understood and agreed between him and Roberts that this was a division of the notes, he taking and owning the two notes, amounting to $300, and Roberts retaining and owning the $300 note. Roberts denies this and claims that Patterson took them for collection only, and that he still had a one-half interest in these two notes. Patterson collected the money by suit on the notes which he received. Roberts failed to collect the $300 note. If there was no division of the notes, as claimed by Patterson, Roberts should have been allowed as an offset, one-half the money collected by Patterson. If there was a division, he was not entitled to the offset.

The evidence is conflicting. The case has been twice tried—once before a justice and then upon appeal. Both trials resulted in favor of defendant in error. Under this state of facts, unless there has been a material error, the verdict of the jury should not be set aside.

Plaintiff in error contends in his brief that the court erred in refusing to admit certain memoranda on the stubs in the note book, of the notes delivered to Patterson, made by him at the time he delivered them. When these memoranda were offered in evidence, counsel for defendant in error objected. The court met the objection, saying: " I think the objection is properly taken, unless it was written in the presence of Mr. Patterson and he saw what was written there."

This was a proper ruling, and notified plaintiff in error what must be shown to entitle the memoranda to be used as evidence. He was then asked: " Was Patterson in your presence at the time it was done?" He answered: " He was within five or six feet of me, sitting down." This failed to meet the requirement stated by the court, and the memoranda were therefore properly refused. It is assigned for error that the court, after having given an instruction to the jury, recalled them into court and withdrew the instruction. The instruction is as follows:

" The court instructs the jury that before you will be authorized in finding that O. P. Patterson and N. E. Roberts had entered into a contract to divide certain joint

notes owned by them, you must believe from the evidence that the minds of the said Patterson and Roberts came together and agreed to said division understandingly. It is not sufficient in this case to make a proposition, or to come and ask for a portion of the notes and collect them, unless there has been proof introduced satisfying you that a contract was entered into between said parties, whereby Patterson should have a right to collect and retain the two notes turned over to him."

This instruction does not state the law correctly. It was not necessary that the jury should be "satisfied" that the contract had been made. It required too strong a degree of proof. Stratton v. Coal City Horse R. R. Co., 95 Ill. 25.

Nor was it error for the court to withdraw an instruction which should not have been given. If counsel offer an erroneous instruction, which the court through inadvertence gives, they have no right to complain when the court discovers its error and corrects its action by withdrawing the instruction. Judgment affirmed.