The Chicago and Alton Railroad Company

*v.*

F. C. Smith, Admr.

*Opinion filed June 17, 1899.*

1. Railroads—*attempt to cross in front of an approaching train not negligence per se.* Whether the plaintiff's intestate was negligent in attempting to cross the track ahead of an approaching train is for the jury, under evidence that he was standing between the track and another train passing in the opposite direction, the space between being only about ten feet.

2. Same—*effect where deceased saw train though bell was not ringing.* That the plaintiff's intestate may have seen the train approaching before he attempted to cross the track at a highway crossing does not necessarily deprive the plaintiff of the right to have the question submitted to the jury as to whether the failure to sound the bell or whistle caused the injury.

3. Executors and administrators—*representative capacity of plaintiff to sue cannot be put in issue by instruction.* The representative capacity of plaintiff to bring an action for wrongful death, on the ground the court had no authority to grant letters of administration, can only be put in issue by special plea,—not by instruction.

*Chicago and Alton Railroad Co.* v. *Smith,* 77 Ill. App. 492, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. M. W. Schaefer, Judge, presiding.

Wise & McNulty, for appellant.

M. Millard, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

Appellee sued appellant in the circuit court of Madison county for negligently causing the death of his intestate.   The declaration was of four counts.   The first charged that the train by which deceased was killed was negligently run.   The second, that deceased was struck by one of its trains at a highway crossing, and that no bell was rung or whistle sounded.   The third, that the train was being run at a rate of speed in violation of an ordinance of the village of Madison, and then and there struck and killed the deceased.   The fourth, that it carelessly allowed the planking at the crossing to be so far from one of the rails as to leave a space of four inches, thereby rendering it unsafe for those passing over the same, whereby the foot of the deceased was caught and held and he struck by the train and killed.   The only plea filed was not guilty.   The jury returned a verdict for the plaintiff, fixing the damages at $1000.   Judgment was entered on the verdict, which has been affirmed by the Appellate Court.

At the close of the evidence the defendant asked the court, in writing, to instruct the jury to return a verdict of not guilty, which was refused, and one of the errors of law assigned in this court is that refusal, the contention being, that the evidence, with all its reasonable intendments, was insufficient to authorize the verdict.   It is not claimed that the testimony introduced on behalf of the plaintiff did not fairly tend to prove negligence on the part of the defendant, as charged in one or more of the counts of the declaration.   In fact, it could not fairly be insisted that there was not some evidence tending to prove the allegations of each and every count, in so far as they charge the defendant with acts of negligence, and whether or not the weight of the testimony was to that effect is now conceded to be immaterial.   It is, however, contended that the evidence wholly failed to prove due and reasonable care by plaintiff's intestate for his

own safety, previous to and at the time of the accident.
This point was urged in the Appellate Court as a ground
of reversal, the question then being, of course, merely as
to the preponderance of the testimony, but that court,
after a full statement of the circumstances of the killing
and a review of the evidence, found there was no want of
reasonable care on his part.   We concur in that finding.
The evidence was conflicting on that point, but the most
that the defendant could fairly claim would be that the
weight of the evidence preponderated in its favor,—and
even this, we think, could not be so held.  As said by the
Appellate Court, if the testimony of the engineer and
fireman is accepted as true, the deceased willfully re-
mained upon the track with suicidal intent, and also with
the intent to destroy the life of the boy who was with
him, by trying to prevent him from escaping the danger.
This, under all the circumstances, is unreasonable, and
it is explained by the evidence on behalf of plaintiff, to
the effect that the foot of the deceased was caught in
the opening between the plank and the rail, and that his
effort was to push the boy off the track, rather than to
attempt to hold him upon it.   Nor do we think it can be
said, with fairness, that the attempt of the deceased to
cross the track in front of the approaching train was neg-
ligence *per se*.  As the train approached he was standing
between the track and another train passing in the op-
posite direction, the space between them being only about
ten feet, and it was a question to be determined by the
jury whether it was carelessness for him to undertake to
cross the track rather than remain in that more or less
dangerous position.   Certainly there was some evidence
tending to show that he was, under all the circumstances,
in the exercise of due care, and the court properly re-
fused to take that question from the jury.

The giving of plaintiff's instruction No. 40 is assigned
and urged as error.   It quotes the statute as to ringing a
bell or sounding a whistle at railroad crossings, (3 Starr

& Curtis' Stat. 1896, par. 74, p. 3266,) and then in effect tells the jury that if the requirement was not complied with, and the death of the deceased resulted in consequence of such neglect while he was exercising ordinary care for his own safety, the defendant is liable. The objection attempted to be urged against it is, not that it fails to properly state the law generally, but it is said that the boy who was with the deceased at the time told him the train was coming, and that he looked and saw it coming, and he thus had all the knowledge he could obtain by hearing the ringing of the bell or the blowing of the whistle,—citing *Chicago, Rock Island and Pacific Railroad Co.* v. *Bell,* 70 Ill. 102. What was said in that case was by way of discussing the weight of the testimony, which was then a question properly to be determined by this court. The plaintiff had a right to have his entire case submitted to the jury, and was not concluded by what the boy stated as to the deceased having seen the train. That statement was a mere conclusion of the witness; and even if he did see the train, we are not prepared to say that the question as to whether the failure to give the signal caused the injury was not one to be submitted to the jury. Under some circumstances, if one approaching a railroad crossing sees a train coming the ringing of a bell or sounding of a whistle would accomplish no purpose, while under other circumstances such a signal might so arrest the attention and apprise him of the danger as to prevent his attempting to cross the track.

The refusal to give instructions numbered 25, 26 and 29, asked by the defendant, is also urged as reversible error. No. 25 lays down the proposition that although the jury might believe, from the evidence, that the train was running at a greater rate of speed than allowed by the ordinance of the village, that fact would not relieve the deceased from the exercise of due care. No. 26 is to the effect that if the jury believe, from all the evidence, that the deceased did not use ordinary care to inform

himself of the approaching train and protect himself from injury before going upon the track, and that if he had used such care the accident would not have occurred, the finding must be for the defendant. The twenty-ninth was intended to inform the jury that if the deceased was a resident of the State of Missouri at his death, having no property in this State, the county court of St. Clair county had no jurisdiction to grant letters of administration to the plaintiff, and that he could not maintain this action. Among the many instructions given at the instance of the defendant, several of them lay down the law requiring the plaintiff to prove that the deceased was, at the time of the accident, in the exercise of due care, in the most favorable language to the defendant, and it seems idle for us to attempt to say that the jury were misled or insufficiently instructed upon this branch of the case by these instructions. To have given the twenty-fifth and twenty-sixth instructions would have been to repeat that which was contained in instructions already given. We think, also, the phraseology of the twenty-fifth is rather that of an argument than the statement of a rule of law. From an examination of all the instructions found in this record, given, modified and refused, the mind cannot hesitate in reaching the conclusion that the case was not only fairly but very favorably submitted to the jury.

The proposition laid down in the twenty-ninth refused instruction was not an issue in the case. The representative capacity of the plaintiff could only have been put in issue by a special plea. (*Union Railway and Transit Co. v. Shacklet*, 119 Ill. 232.) But we do not wish to be understood as holding that if the facts set up in the instruction had been set forth in the plea they would have been sufficient to show want of jurisdiction in the county court of St. Clair county. That question, however, need not be now discussed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*