## North Chicago St. R. R. Co. v. Charles S. Johnson, Adm.

1. PRACTICE—*Effect of Orally Withdrawing Instructions.*— After giving and reading an instruction to the jury, the court, desiring to withdraw it, addressing the jury orally, referring to this instruction, said, "Shall I read it to you once more, gentlemen of the jury, or will you bear in mind that the instruction last read is withdrawn? Will that be sufficient?" To this the jurors replied, "Yes, sir, that will be sufficient." It was held that this was in effect a qualification, modification and explanation of the instruction otherwise than in writing, after being given to the jury by the court, and contrary to the statute.

2. SAME—*Oral Instructions.*—The action of a trial court at the instance of a party litigant in giving and reading an instruction and then subsequently stating to the jury, orally, that the court withdraws it, is, in effect, saying to the jury orally, that the law is not as stated in the withdrawn instruction.

3. INSTRUCTIONS—*Modifications.*—A jury may be directed not to consider information which has been imparted to it by an instruction; but when that is done otherwise than in writing, it is instructing the jury orally and contrary to the provisions of the statute.

**Trespass,** to recover damages for the killing of plaintiff's intestate. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed October 27, 1899.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

JOHN F. WATERS, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

'This is an action of trespass on the case brought by appellee, as administrator, to recover damages from appellant caused by the killing of Scott C. Johnson. The jury returned a verdict for $5,000. Counsel for appellee entered a remittitur of $3,000. Thereupon the court entered judgment for $2,000. To reverse this judgment this cause is brought to this court by defendant below.

A portion of the record is as follows, viz.:

" And thereupon the defendant asked the court to also give the jury the following instruction, numbered twenty-one, and the court thereupon gave and read said instruction to the jury as follows :

" 21.   The court instructs the jury that if they believe from the evidence that the plaintiff's intestate suddenly and unexpectedly placed himself in a position of danger, then in order to charge the defendant with a duty to avoid injuring the plaintiff's intestate, the plaintiff must show by a preponderance of the evidence that the circumstances were such that the servant or servants of the defendant had an opportunity in the exercise of reasonable and ordinary care and diligence to become conscious of the facts giving rise to such duty and a reasonable opportunity to perform it, and if the jury further believe that the circumstances as shown by the evidence did not charge the defendant with a duty as thus defined, then they should find the defendant not guilty."

"And immediately following the reading of said last instruction the court orally withdrew the same from the jury in the following manner:

"The court said orally to the jury, 'This instruction may be considered withdrawn, gentlemen. The court refuses to give it.'

"Mr. Waters: 'The last one your honor read?'

"The court said orally to the jury: 'Yes, sir; the last one. Shall I read it to you once more, gentlemen of the jury, or will you bear in mind that the instruction last read is withdrawn? Will that be sufficient?'

"The Jurors: 'Yes, sir; that will be sufficient.'"

Sections 53 and 54, Chap. 110, Hurd's Statutes of Illinois, are as follows:

"Sec. 53. Hereafter, no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing."

"Sec. 54. And when instructions are asked, which the judge can not give, he shall, on the margin thereof, write the word 'Refused;' and such as he approves he shall write, on the margin thereof, the word 'Given;' and he shall in no case, after instructions are given, qualify, modify, or in any manner explain the same to the jury otherwise than in writing. Exceptions to the giving or refusing any instructions may be entered at any time before the entry of final judgment in the case."

Whether the mode of instructing a jury as fixed by this statute is, or is not, calculated to produce the best results in the administration of justice, is not an open question for this court.

Whether the instruction which the court "gave and read" to the jury and then withdrew, should have been given, is not the question now to be determined. But we are to consider whether the court instructed the jury orally, and whether the court, otherwise than in writing, qualified or modified an instruction after it had been given. The record states that the court "gave and read" the instruction in question to the jury.

To instruct is to impart knowledge or information. An instruction, as that word is used in the statute, means communication of knowledge; knowledge imparted. The

North Chicago St. R. R. Co. v. Johnson.

giving of a written instruction to a jury by a court is the reading of it by the court to the jury.   It would be trifling to say that the statute means handing to the jury the paper upon which an instruction is written.   It means reading the instruction to the jury; imparting to the jury knowledge of its contents.   The instruction in question was given to the jury within the meaning of the statute.   After reading it to the jury the court said to them, orally, " This instruction may be considered withdrawn.   The court refuses to give it."

But the statute says that the court " shall in no case, after instructions are given, qualify, modify, or in any manner explain the same to the jury otherwise than in writing." The court, however, after thus giving this instruction, did qualify and modify it, by stating to the jury, orally, that the court withdrew it—refused to give it.   After a question by counsel the court, again addressing the jury orally, referring to this instruction, said, " Shall I read it to you once more, gentlemen of the jury, or will you bear in mind that the instruction last read is withdrawn ?   Will that be sufficient ? "   To this the jurors replied, " Yes, sir ; that will be sufficient."   It can hardly be seriously contended but what that instruction was qualified and modified by the court " otherwise than in writing " after being given to the jury by the court.

And the court not only modified and qualified said instruction, but in effect and in fact instructed the jury otherwise than in writing contrary to said statute.   In effect the court said to the jury that the defendant requested the court to give the instruction in question, and gave the same to the jury, and then stated to the jury, orally, that the court withdrew it.   That was in effect saying to the jury, orally, that the law was not as stated in that instruction. Information once imparted can not be withdrawn.   It can not be taken from the person to whom it has been imparted. Its effect may be controlled, to some extent, perhaps, by directing that it shall not be considered.   A jury may be directed not to consider information which has been im-

parted to it. But when that is done otherwise than in writing, it is instructing the jury, orally, contrary to the provisions of the statute.

And as appears by the record in this case, the court, after reading this instruction to the jury and then attempting to withdraw it, did not mark it either "given" or "refused" as requested by the statute.

For the reasons indicated the judgment must be reversed and remanded.