110   553
a209s  339

## Chicago & Eastern Illinois R. R. Co. v. Casendeign Zapp.

1. RAILROADS—*The Fact that Gates Are Up is Indication that One Can Safely Cross Tracks.*—The fact that the gates at a railroad crossing are up is an indication to a person that he can safely cross the tracks.

2. ORDINARY CARE—*A Question for the Jury.*—Whether a person is in exercise of ordinary care in going upon railroad tracks is a question of fact for the jury.

3. EVIDENCE—*Letter-press Copy of Original Weather Report Admissible.*—A witness read from the records in the office of the United States

Weather Bureau, which were letter-press copies of the original type-
written sheets which are sent to Washington. *Held*, that the record
itself. though a letter-press copy of the original typewritten sheets sent
to Washington, being a record of the United States Weather Bureau
kept in the office of the bureau, a public office, was competent evidence.
Such evidence being equivalent to a sworn copy of the record, which is
competent.

4.    INSTRUCTIONS—*Not Violation of Statute for Court to Orally With-
draw an Instruction.*—The simple withdrawal of an instruction by the
court is not a violation of the statute which prohibits the qualifying,
modifying or explaining the instruction to the jury.

Trespass on the Case, for personal injuries. Appeal from the Supe-
rior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge pre-
siding. Heard in this court at the October term, 1902. Affirmed.
Opinion filed December 3. 1903.

W. H. LYFORD and KENESAW M. LANDIS, attorneys for
appellant.

W. S. JOHNSON, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.
Appellee was injured November 25, 1897, by appellant's
engine, with a train of passenger cars attached thereto, at
the crossing of the railway tracks of Archer avenue, which
is a public highway. She brought suit to recover for her
injuries, which has been twice tried, the first trial resulting
in a disagreement of the jury, and the second in a verdict
and judgment thereon in her favor of $7,000, from which
this appeal is taken.

It is claimed that appellee failed to show that she exer-
cised ordinary care for her own safety, or that appellant
was negligent as charged; that the verdict is against the
overwhelming weight of the evidence, and that there are
errors in procedure.

Where the railway tracks cross Archer avenue they run
north and south and the avenue runs from the northeast to
the southwest. Appellee lived about a block and a half
west of the railway tracks and was familiar with the cross-
ing. About seven o'clock P. M. of the night of November
25, 1897, the night being very dark, rainy and very foggy,
as the evidence on behalf of appellee tends to show, she

left her home and crossed the railway tracks for the purpose of calling her husband to supper. She saw her husband and started to go back to her home, and as she was crossing the railway tracks on the sidewalk on the south side of Archer avenue she was struck by the engine of appellant's south-bound passenger train, going at a rate of eight or ten miles per hour. The evidence on behalf of appellee tends to show that she looked before going upon the tracks to see if any train was coming, but saw nothing, and as she procceded to cross, was struck by the engine, causing the injuries complained of. She says, and she is corroborated by several other witnesses, that the crossing gates were up as she passed them, and although the evidence on this point is conflicting, we think the jury were justified in finding therefrom that at the time she passed the gates they were up. The gates being up was an indication to her that she could safely cross the tracks, and whether or not she exercised ordinary care in going upon the tracks was a question for the jury, and we can not say, in view of the evidence that it was very foggy and that the headlight of the engine could only be seen a very short distance, that she was guilty of contributory negligence. R. R. Co. v. Smith, 180 Ill. 453–6; R. R. Co. v. Pearson, 184 Ill. 386–91, and cases cited; R. R. Co. v. Voelker, 129 Ill. 540–53; Ry. Co. v. Hansen, 166 Ill. 623–8; R. R. Co. v. Beaver, 199 Ill. 34; R. R. Co. v. Lewandowski, 190 Ill. 301–5.

If, as the evidence on behalf of appellant tends to show, the headlight of the engine could have been seen 1,000 feet before it reached the crossing, it seems clear that appellant was negligent in not having its gates down so as to give warning of the approach of the train. Whether or not it was so negligent was a question for the jury, and we think the evidence sustains the verdict in this regard.

It is claimed that the court erred in permitting Prof. Cox, of the United States Weather Bureau at Chicago, to testify as to the condition of the weather upon the night in question, and that the records kept in his office, connected with the United States Department of Agriculture, showed

that on the night in question, at the hour of seven o'clock P. M., it was "raining, with dense fog." It appears from his evidence that the reports made of the weather by the bureau of which witness had charge were made on typewritten sheets which, for convenience, were copied by a letter press in a book kept for the purpose, and the original typewritten sheets were sent to Washington each month. The witness produced this letter press copy of the original which he testified was kept in his office, and testified to what it contained as above. The evidence was objected to as secondary, and as calling for a statement from the witness of what he found "in the record." It seems clear that the record itself, though a letter press copy of the original typewritten sheets sent to Washington, being a record of the United States Weather Bureau kept in the office of the bureau, a public office, was competent evidence. The evidence offered is equivalent to a sworn copy of the record, which is competent. 1 Greenleaf on Evid., Sec. 485; 2 Jones on Evid., Sec. 520; Evanston v. Gunn, 99 U. S. 660, and cases cited; Moore v. Gaus, etc., Co., 113 Mo. 109.

No doubt the record itself should have been offered in evidence, but inasmuch as the witness read from the record his evidence was the same as if the record itself had been offered and read to the jury. There is no claim that it was not read correctly, and we think the error is not cause for reversal.

The court was requested to give the following instruction, to wit:

"22. The court instructs the jury that if you believe from the evidence that the plaintiff could have discovered the approaching train by the exercise of ordinary care, in time to have enabled her to avoid the accident, by the exercise of ordinary care, on her part, you will find the defendant not guilty," but the court modified it by inserting after the word "part" the following words, to wit: "and that she did not exercise such care." We think there was no error in the modification.

C. & E. I. R. R. Co. v. Zapp.

It is also claimed that the court erred in reading to the jury the 25th instruction requested by appellant, and immediately thereafter stating orally to the jury, "I wish to modify that instruction—I will not give that instruction, gentlemen of the jury," and then marking the instruction "Refused." It is not claimed that there was error in refusing the instruction, but that the court violated the statute by orally withdrawing the instruction after having read it to the jury. To this we can not yield assent. The court did not qualify, modify or in any manner explain the instruction to the jury, which is what the statute prohibits, but simply withdrew it. That was not, in our opinion, a violation of the statute. (Hurd's Stat., Ch. 110, Secs. 53 and 54.) The case of R. R. Co. v. Johnson, 84 Ill. App. 670, relied on by appellant, differs from this case, in that the court in that case did not mark the instruction given or refused. If, however, the case may be considered as in point, we must refuse to be bound thereby, since we are at a loss to conceive how a statement of the court such as was here made can be considered as a qualification, modification or explanation of the instruction in any manner. Moreover, it is not claimed that the court erred in refusing the instruction. If any one was prejudiced it was the appellee, and she is not complaining. If appellant was not prejudiced by the action of the court, it should not be heard to complain.

A further and final claim of appellant is that the judgment should be reversed because appellee's counsel in his closing address to the jury made certain remarks which it is claimed brought before the jury the labor question. On objection by appellant's counsel the court directed the jury to disregard the remarks. Even if the remarks in question could, in the first instance, be considered calculated to prejudice the appellant, the ruling of the court on appellant's objection being favorable to appellant, we think they present no sufficient ground of reversal.

There being, in our opinion, no reversible error in the record, the judgment of the Superior Court is affirmed.