# Rebecca Weinberg, Plaintiff in Error, v. City of Chicago, Defendant in Error.

## Gen. No. 16,640.

1. INSTRUCTIONS—*harmless error.* An instruction in an action for injuries received in a fall caused by alleged defects in a railing guarding an entrance to a basement, referring to the condition of the sidewalk is not harmful to the plaintiff where the declaration refers to its condition, since the reference thereto was made in the first instance by the plaintiff.

2. MUNICIPAL CORPORATIONS—*sidewalks.* Evidence that a railing guarding a basement was frequently used by loungers as a meeting and resting place will support an inference that it was apparently sufficiently secure to sustain the weight of those so using it.

3. MUNICIPAL CORPORATIONS—*instructions.* On action for injuries received when a railing guarding a basement entrance broke, it is reversible error to instruct the jury that the plaintiff was bound to use reasonable care to detect and avoid such dangers as reasonably prudent persons exercising ordinary care would detect and avoid under the circumstances, since it was not the duty of the plaintiff to anticipate negligence on the defendant's part.

4. MUNICIPAL CORPORATIONS—*reliance on presumption of performance of duty.* One injured, when a guard railing around a basement entry broke was, in the absence of knowledge to the contrary, entitled to rely upon the presumption that the city had performed its duty to keep the railing reasonably safe.

5. MUNICIPAL CORPORATIONS—*duty of individual to avoid danger.* One knowing of the dangerous condition of a railing guarding a basement is bound to exercise reasonable care in proportion to the known danger.

6 DAMAGES—*when instruction not improperly modified.* It is not improper to modify an instruction as to damages for personal injuries by striking out the words "and also to what extent, if any, she has been marred or injured in her personal appearance."

Error to the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed August 12, 1912. Rehearing denied August 27, 1912.

EDWARD J. BRUNDAGE, CLYDE L. DAY (EDWARD C. FITCH, of counsel), WILLIAM H. SEXTON and N. L. PIOTROWSKI (DAVID R. LEVY, of counsel), for defendant in error.

JOHN C. KING and JAMES D. POWER, for plaintiff in error.

MR. JUSTICE BAUME delivered the opinion of the court.

In an action on the case brought by plaintiff in error against defendant in error in the Superior Court to recover damages for personal injuries alleged to have been occasioned by the negligence of defendant in error, the jury found defendant in error not guilty, and upon such verdict judgment was entered against plaintiff in error for costs.

The negligence charged in the declaration was the permitting by defendant in error of a certain iron railing used to guard an entrance from the sidewalk to a basement on the south side of Fourteenth place, near Halsted street, to be and remain in a defective, weak and unsafe condition. The declaration alleges that on August 31, 1902, plaintiff in error, who was rightfully upon said sidewalk, and had no knowledge of the said defective and unsafe condition of said sidewalk and said railing and could not have known of it with ordinary care, was, while in the exercise of due care for her personal safety, leaning lightly against said railing, when it gave way and precipitated her violently to the basement below, etc.

The grounds relied upon for a reversal of the judgment are that the verdict is against the manifest weight of the evidence and that the trial court erred prejudicially in giving and modifying certain instructions.

The railing in question was constructed of iron pipes, and extended out upon the sidewalk three to four feet from a brick building. The top rail of the railing at the place in question was supported by three upright

iron pipes presumably fastened in the sidewalk. It is uncontroverted that at the time of the accident at least two of the upright iron pipes were loose and shaky; that they were fastened to the top rail in part by wires, and that the railing had been loose and shaky for several months. Whether or not the condition of the railing in the respects mentioned was obvious was disputed.

It is apparent from the record that the verdict was predicated upon a finding by the jury that plaintiff in error was guilty of contributory negligence in leaning against the railing. If no errors of law prejudicial to plaintiff in error had intervened, we should not be disposed to set aside the verdict as being against the manifest weight of the evidence.

It is urged that the fifth instruction given at the instance of defendant in error improperly makes reference to the condition of the sidewalk, instead of the condition of the railing upon the sidewalk, and also improperly alludes to the duty of defendant in error with reference to latent or unseen defects in its sidewalks. One count of the declaration specifically charges that it was the duty of defendant in error to "keep its said sidewalk, railing and appurtenances reasonably safe," and that defendant in error "negligently and wrongfully then and there allowed the said sidewalk and said railing thereof  *  *  *  to be and remain in a weak and unsafe condition." The case was evidently tried in the court below upon the theory that the railing was a constituent part of the sidewalk. The reference to the sidewalk therefore, was injected into the case, in the first instance by plaintiff in error herself, and no harm could have resulted to her by reference to it in the instruction. While a preponderance of the evidence tends to show that the railing was defective and dangerous, it was nevertheless insisted by defendant in error that it was not chargeable with notice of such defect and danger, and it was entitled to an instruction upon its theory of the case, if there was any evidence

to support such theory. There was evidence ending to show that the railing had been frequently used by loiterers and loungers as a meeting and resting place, and it was not unreasonably inferable therefrom that the railing was apparently sufficiently secure to sustain the weight of those so using it.

The seventh instruction given at the request of defendant in error relates to the duty of plaintiff in error to exercise reasonable care for her own safety, and in that respect the jury were informed that plaintiff in error was bound to use reasonable care in the exercise of her faculties to detect and avoid such dangers, if any, as reasonably prudent persons, in the exercise of ordinary care, would detect and avoid under all of the circumstances shown by the evidence. The instruction was erroneous and necessarily harmful to plaintiff in error. If plaintiff in error knew of the dangerous condition of the railing, she was bound to exercise reasonable care in proportion to the known danger, but the law imposed no duty upon her to anticipate negligence on the part of defendant in error. Plaintiff in error was entitled, in the absence of knowledge to the contrary, to rely upon the presumption that defendant in error had performed its duty. Vocke v. City of Chicago, 208 Ill. 192.

The instruction tendered by plaintiff in error enumerating the elements proper to be considered by the jury in estimating the damages, if any, is almost identical in form with the second instruction involved in Illinois Cent. R. R. Co. v. Cole, 165 Ill. 334, of which, together with another instruction, it was there said: "No discussion of the two instructions given for the appellee is necessary. They, in substance, state correct principles of law." The trial court refused the instruction as tendered and modified the same by striking out the words, "and also to what extent, if any, she has been marred or injured in her personal appearance," and gave the instruction as so modified.

It is insisted that the modification of the instruction

in the respect stated was error, and the Cole case, *supra,* is relied upon in support of such insistence. It was not seriously urged in the Cole case that the instructions there recited and approved were erroneous, and what the court said about them did not conclusively establish their correctness.    Chicago City Ry. Co. v. Hagenback, 228 Ill. 290.    In Cullen v. Higgins, 216 Ill. 78, the propriety of a substantially similar instruction was directly involved and it was held that the jury "would understand the word 'marred,' as used in the instruction, to mean the same as the word 'disfigured,' and the instruction in the form in which it was framed should not have been given to the jury."

We must conclude that the instruction as tendered has been expressly disapproved by the Supreme Court, and that the instruction was not improperly modified by striking out the words above mentioned.    See also Lake Street El. R. R. Co. v. Gormley, 108 Ill. App. 59, and Chicago City Ry. Co. v. Schaefer, 121 Ill. App. 334.

For the error in giving the seventh instruction offered by defendant in error the judgment is reversed and the cause remanded.

*Reversed and remanded.*