Devine v. City of Chicago, 178 Ill. App. 39.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Appeal dismissed. Opinion filed March 4, 1913.

JOSEPH KOHN and HENRY & ROBINSON, for certain appellants.

FRED PLOTKE and GEORGE E. SWARTZ, for appellee.

---

**John F. Devine, Administrator, Plaintiff in Error, v. City of Chicago, Defendant in Error.**

**Gen. No. 16,706.**

1. STREETS AND ALLEYS—*degree of care required from pedestrian.* While a person using a street must exercise care proportionate to defects and dangers known to him, he has the right to assume that the city will perform its duty in regard to keeping its streets in reasonably safe condition for travel, and is not bound to guard against unknown dangers, even though such unknown dangers would have been disclosed by investigation.

2. STREETS AND ALLEYS—*unknown dangers.* An instruction predicating the degree of care which plaintiff should exercise in traveling on a city street on whether by the exercise of reasonable care to ascertain its condition she would have known that it was not in a reasonably safe condition, in so far as it imposes on plaintiff a duty to exercise care for her own safety in proportion to defects and dangers of which she did not know, is erroneous.

3. INSTRUCTIONS—*preponderance of evidence.* An instruction which, after stating that the preponderance of the evidence does not necessarily depend on the number of witnesses testifying on either side, undertakes to enumerate the things the jury may take into consideration in determining on which side the preponderance of the evidence is, and in such enumeration entirely omits any reference to the number of the witnesses as one of those elements, where the number of witnesses is important, is reversible error as tending to lead the jury to believe that such number is not to be considered at all.

4. INSTRUCTIONS—*withdrawal.* Under Practice Act, §74, providing that the judge "shall in no case after instructions are given, qualify, modify or in any manner explain the same to the jury, otherwise than in writing," where an erroneous instruction has been inadvertently given and has been formally withdrawn from the consideration of the jury in any way, so the jury understand it is no longer to be considered by them in determining the case, it is no longer an instruction, and its withdrawal cannot be treated as a qualification, modification or explanation of a given instruction or a violation of the statute.

Error to the Circuit Court of Cook county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed October 16, 1912. Opinion withdrawn and refiled with amendment as to title March 4, 1913. *Certiorari* denied by Supreme Court (making opinion final).

JOHN C. KING and JAMES D. POWER, for plaintiff in error.

EDWARD J. BRUNDAGE and CLYDE L. DAY, for defendant in error; EDWARD C. FITCH, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit was begun by plaintiff in error to recover for personal injuries claimed to have been received

by her because of the defective streets of defendant in error. The jury found the defendant not guilty and judgment followed.

The only errors complained of relate to several instructions given at the instance of defendant in error.

Instruction No. 7, after stating the rule to be that the preponderance of the evidence does not necessarily depend on the number of witnesses testifying on either side, undertakes to enumerate the things the jury may take into consideration in determining on which side the preponderence of the evidence is, and in that enumeration entirely omits any reference to the number of witnesses as one of those elements. The number of witnesses testifying on the respective sides is frequently one of the important things a jury should take into consideration in determining the question of the preponderance of the evidence, and by omitting it from the enumerated elements to be considered the jury might well understand that it was not to be considered at all. Instructions of this character have been condemned in Chicago Union Traction Co. v. Hampe, 228 Ill. 346; Hays v. Johnson, 92 Ill. App. 80, and in Elgin J. & E. R. Co. v. Lawlor, 229 Ill. 621. In the latter case, it is held, in substance, that while it is not always reversible error to give an instruction of that character, it is so, when the number of witnesses is important, and the omission is not cured by others given in the case. On some of the material issues in this case the number of witnesses was an important element to be considered, and there was no other instruction given that supplied the omission in this one. This instruction should not have been given.

Instruction No. 13 has reference to the duty of plaintiff in error in regard to the exercise of reasonable care for her own safety, and predicates the degree of care she should exercise in traveling on the street on whether by the exercise of reasonable care to

ascertain the condition of the street she would have known that it was not in a reasonably safe condition. While it is the law that a person using a street must exercise care proportionate to defects and dangers known to him, he has the right to assume that the city will perform its duty in regard to keeping its streets in reasonably safe condition for travel, and is not bound to guard against unknown dangers, even though such dangers would have been disclosed by investigation. Vocke v. City of Chicago, 208 Ill. 192; Weinberg v. City of Chicago, 172 Ill. App. 77. This instruction, as given, in so far as it imposed upon plaintiff a duty to exercise care for her own safety in proportion to defects and dangers of which she did not know is erroneous.

Instructions Nos. 9, 11, and 15 might be improved in phraseology, but as given they announce the law with substantial accuracy.

While reading his charge to the jury, the judge read one instruction and then withdrew it, saying, "that instruction is not given to you gentlemen; there is an element in there that is not the law." It is claimed by plaintiff in error that this action of the court violated section 74 of the Practice Act, by which it is provided that the judge "shall in no case after instructions are given, qualify, modify, or in any manner explain the same to the jury otherwise than in writing." An instruction within the meaning of section 74 of the Practice Act is an announcement by the court to the jury of what the principles of law are that must be applied by the jury to the facts in the case in the determination of the issues involved. When an erroneous instruction has been inadvertently given and has been formally withdrawn from the consideration of the jury in any way so the jury understands it is not to be considered by them in determining the case, it is no longer an instruction, and the act of withdrawing it is not a modification, qualification or explanation of a given instruction.

The right of the court to orally withdraw from the consideration of the jury an erroneous instruction inadvertently given is not prohibited by the section referred to and has been recognized by the courts of this state in at least two cases, viz., Chicago & E. I. R. Co. v. Zapp, 110 Ill. App. 553, and Roberts v. Patterson, 77 Ill. App. 394, while in the case of North Chicago St. R. Co. v. Johnson, 84 Ill. App. 670, a contrary rule seems to have been laid down. We consider the holding in the first two cases cited to be the more accurate announcement of the law and adhere to the doctrine there proclaimed. What was said by the court in withdrawing the instruction in the case at bar was nothing the jury were called upon to consider in determining the issues in the case, and cannot be treated as a qualification, modification or explanation of a given instruction or a violation of section 74 of the Practice Act. Even if the action of the court in withdrawing the instruction in question was a violation of section 74 of the Practice Act, it would not be an error that plaintiff in error could take advantage of in this case. The instruction in question was one defendant in error requested the court to give, and was incorrect for the reason that it placed upon plaintiff in error a duty to act with reference to dangers not known to her, which, as heretofore stated, is not the law. The error, therefore, if error there had been in withdrawing the instruction, was to the advantage of plaintiff in error, of which she cannot be heard to complain.

For the error of the court below in giving of instructions numbered 7 and 13, the judgment of the Circuit Court is reversed and the cause is remanded to that court.

*Reversed and remanded.*