LUCIEN BERRY, administrator of GARRISON W. BERRY, plaintiff in error, *v.* JOHN SAVAGE and JOHN W. PRATT, defendants in error.

*Error to Morgan.*

In order to bar the plaintiff's right to submit to a nonsuit, the jury must have the whole of the case, including not only all the evidence, but the instructions of the Court. Consequently, if, for any cause, the jury retire from the bar without having the whole of the case on which they are to render a verdict, the plaintiff's right to submit to a nonsuit is not taken away.

Where, in an action upon a note alleged in the declaration to have been payable in 1830, a note was produced and read in evidence without objection, payable in " one thousand eighteen hundred and thirty ; " and the jury, after having retired to consider of their verdict, returned into Court, and enquired of the Court, whether the note was to be considered by them as it read, and the Court informed the jury, that they were bound to consider the note as it read, and as not being due until the time expressed on its face ; and if, from reading the note, it did not appear to be due, they must find for the defendants, and the plaintiff thereupon moved the Court to permit him to take a nonsuit, which was refused : *Held*, that the Court erred in refusing the motion.

*Quere,* Whether, under the circumstances of this case, the Court would not have been justified in charging the jury, that they had a right to consider the note as due, if they believed, from the face of the note, that the word " eighteen " was written by mistake for " eight."

THIS cause was tried in the Court below, at the June term, 1837, before the Hon. James H. Ralston and a jury. Verdict and judgment were rendered for the defendants. The cause is brought into this Court by writ of error.

WM. THOMAS, for the plaintiff in error.

E. D. BAKER, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court :

The following bill of exceptions was taken on the trial of this cause, to wit : " Be it remembered, that on the trial of this cause, after the evidence had been submitted to the jury, and the jury had retired to consider of their verdict, the jury returned into Court, and enquired whether or not the note was to be considered by them as it read. The note had been read to the jury as evidence, under the declaration, without objection, but upon the return of the jury into Court, and their making the enquiry aforesaid, it appeared, upon examination of the note, that it was made payable on the day of —— one thousand eighteen hundred and thirty.

" The variance between the note and the declaration had not before been discovered by the Court, or mentioned by the counsel on either side.

" The Court informed the jury, that they were bound to consider the note as it read, and as not being due until the time expressed on its face ; and if, from the reading of the note, it did

Berry *v.* Savage *et al.*

not appear to be due, they must find for the defendants. Where-upon, the plaintiff's counsel stated that he had never before dis-covered the variance between the note and the declaration, and moved the Court to permit him to suffer a nonsuit, which motion being objected to by the defendants' counsel, the Court overruled, and refused to permit the plaintiff to suffer a nonsuit. The plain-tiff, by his counsel, excepts," &c.

The assignment of errors questions the correctness of the in-structions to the jury, and the refusal to permit the plaintiff to suffer a nonsuit.

At common law, a plaintiff was permitted to take a nonsuit, at any time before the verdict was rendered in Court. (1)　But by the 13th section of "*An Act regulating the Practice in the Supreme and Circuit Courts of this State, and for other purposes,*" passed March 22, 1819, it is provided, that "Every person desirous of suffering a nonsuit on trial, shall be barred therefrom, unless he do so before the jury retire from the bar."(2)

In order to bar the plaintiff's right of submitting to a nonsuit, the jury must have the whole of the case, including not only all the evidence, but the instructions of the Court. Consequently, if, for any cause, the jury retire from the bar without having the whole of the case on which they are to render a verdict, the plain-tiff's right to submit to a nonsuit is not taken away.

Many cases might be put, where the greatest injustice would result if this were not the rule.

The facts in this case, however, show the necessity of constru-ing the statute in the manner above indicated.

Had the defendants objected to the reading the note in evi-dence, or had they discovered the variance before the jury went out, there can be no doubt that the note would have been rejected by the Court, and the consequence would have been, that the plaintiff would have been nonsuited. The objection ought strictly to have been by defendants to receiving the note in evidence; and it perhaps may well be doubted, whether, under the circum-stances of the case, the Court would not have been justified in charging the jury, that they had a right to consider the note as due, if they believed from the face of the note, that the word "eigh-teen" was written by mistake for "eight." Without intending, however, definitely to decide this point, we are clearly of opinion, that the plaintiff had a right to submit to a nonsuit, when the in-structions were given. For not permitting the plaintiff to suffer a nonsuit, the judgment below is reversed with costs, and judg-ment of nonsuit rendered in this Court.

*Judgment reversed.*

*Note.* See Berry *v.* Savage *et al.*, in chancery, *Post.*

(1) Wooster *v.* Burr, 2 Wend. 95.　　　　(2) R. L. 486; Gale's Stat. 528.