CALVIN W. HOWE *et al.*, Appellants, *v.* HORACE HARROUN, Appellee.

### APPEAL FROM KANE.

Where a case is submitted to the court for trial, the plaintiff may take a nonsuit after the court has announced its opinion, and before a note thereof is entered.

THIS was an action of assumpsit brought to the Kane Circuit Court and tried before I. G. WILSON, Judge, at February term, 1855. The court found for the defendant on the issues joined.

Afterwards, on the 4th day of June, A. D. 1855, the same being one of the days of the May term of said court, the plaintiffs came by their counsel, and on their motion it is ordered by the court that the records of last term be amended *nunc pro tunc*, so as to show that after the finding of the court had been announced, but before the judgment had been entered upon the docket, the plaintiffs asked leave to submit to a nonsuit; and

that the court overruled said motion, to which ruling the plaintiffs excepted, and prayed an appeal to the Supreme Court of this State, which was allowed by the court.

The bill of exceptions shows that on the 28th day of February, A. D. 1855, it being one of the days of said term, after the court had announced his judgment in the case in favor of the defendant, but before he had entered his minutes of the same upon the docket, the said plaintiffs asked leave to submit to a nonsuit, and afterward and before the determination of said application for leave to submit to a nonsuit, he presented the following proofs in support of same.

David L. Eastman, on oath, saith, that he is counsel for plaintiffs in the above entitled cause, and was at the February term of the court. That before this court adjourned, at the said February term, affiant procured the affidavit of A. B. Fuller, an attorney of this court, in support of a motion for a nonsuit. That affiant delivered said affidavit to the court in person, and has been informed that the same has been mislaid or lost by the court, and that the said affidavit cannot now be found; affiant has appended hereto a copy of the said affidavit, which affiant states he verily believes to be substantially true in all the main facts therein contained. Said copy is hereunto appended, and marked " B." The date of said affidavit he cannot now state, but the same was duly sworn to before a justice of the peace, before the same was delivered to this court.

A. B. Fuller, on oath, saith, that he was present at the Kane County Circuit Court, at the February term thereof, A. D. 1855, when the case of *Calvin W. Howe & Co.* v. *Horace Harroun* was tried. The case was submitted to the court and but one witness sworn for the plaintiffs, D. L. Eastman, Esq., the counsel for the plaintiffs. There was also offered in evidence a note and account, which the testimony of said witness referred to.

The counsel for plaintiffs then opened the case, from which affiant learned that the statute of limitations was pleaded. Plaintiffs' counsel then read from Greenleaf's Evidence as an authority, and rested his case.

J. H. Ferguson, Esq., attorney for defence, then opened for the defence—read from a written brief and cited authorities; then produced Breese's Reports, and read from that; next read from the 12th of the Illinois Reports, and argued his case, and made the point, that to take the present case out of the statute, a new and unqualified promise must have been made, to charge the defendant, and rested. Plaintiffs' counsel then re-read the case cited by defendant's counsel, and laid down the book and contended and so argued that the case cited was conditional, and not analagous to the one before the court. At this time Mr.

Eastman, plaintiffs' counsel, was standing in front of the pillar that supports the "bar." That after plaintiffs' counsel had commented on the case cited in the 12th of Illinois, he turned around, apparently looking for a book, and as he did so, the court requested him to pass him up the 12th of Illinois, which he did, and remained standing in front of the pillar above mentioned, while the court examined the report just passed him, *looking* earnestly at the court, who, after an examination of some length, and before he closed the volume, said, "this is a broad case;" whereupon Mr. Eastman said, "I will take a judgment of a nonsuit, sir." The court then remarked, "I don't know what the practice is in these cases, after argument; I will look into it." Affiant was sitting in the "bar" at the trial of this case, and *noticed* the whole or nearly all the case, as it was a question that interested this affiant.

D. L. Eastman, on oath, saith, that he is the attorney of Calvin W. Howe & Co., in a cause pending in the Kane County Circuit Court, wherein Calvin W. Howe & Co. are plaintiffs, and Horace Harroun is defendant. Affiant says that said cause was set down by agreement for trial by the court, and that on the trial the plaintiffs called but one witness, and the defendant produced no evidence; that affiant for the plaintiffs, in connection with the testimony of said witness, offered in evidence a note made by said defendant, and an account against him, and all in favor of said plaintiffs, and rested. Defendant's counsel argued the cause to the court, and in support thereof read from Breese's Reports and from the 12th of Illinois Reports, and rested defence. Affiant then read case cited in the 12th of Illinois Reports to the court, and argued therefrom that that case did not cover the point before the court, as the case there cited was a case of a conditional promise, and the case before the court was unconditional promise; that after affiant had commented upon this authority, *he turned to look for some books*, to introduce further authority to the court, and while affiant was about to do so, the court requested affiant to pass up the case in the 12th of Illinois before referred to, which affiant had just laid down, which this affiant did, and the court examined in silence the case, and this affiant remained standing, ready to proceed with further argument when the court, without raising his eyes from the case in question, voluntarily remarked, "that is a *very* broad case," and was about closing the book or report, when this affiant, lest he should fail to preserve all the rights of his clients, remarked to the court, "I will take a judgment of a nonsuit, sir." The court then proceeded to say, he was not fully apprised of the practice in such a case, but would take time to look into the case.

Defendant resisted said motion, and offered the following proofs:

O. D. Day sworn.—I was present at the time of this suit. Mr. Eastman was sworn as a witness, and Mr. Ferguson took down his testimony in writing. Mr. Eastman opened the argument and Mr. Ferguson followed, and cited the court to a decision in the 12th of Illinois, and also to a case in Breese's Reports. Mr. Eastman concluded the case, and, as I thought, submitted it to the court, and took his seat. The court asked for 12th of Illinois Reports, which was handed to him. The Judge read the case and said it seemed to be a broad case, and covered the ground. Mr. Eastman rose, and, I think, commenced talking with the Judge. After some talk, the court announced that he should give judgment for defendant. Then Mr. Eastman said he wished to submit to a nonsuit. I had not been paying very particular attention to the trial. I had been reading the decision in Mr. Burchell's case at Washington. I have not thought of the case since the trial but once, when Mr. Ferguson called my attention.

After hearing the parties, the court refused to allow the plaintiffs to take a nonsuit, to which ruling of the court in refusing the same, the said plaintiffs then and there excepted.

E. L. LELAND and D. L. EASTMAN, for Appellants.

FARNSWORTH and BURGESS, and J. H. FERGUSON, for Appellee.

CATON, J. Unlike the common law our statute authorizes the parties, by mutual consent, to submit issues of fact to the court for trial in place of a jury; but this statute prescribes no time within which the plaintiff shall submit to a nonsuit, or be deprived of his right to do so. By the common law the plaintiff could take a nonsuit at any time before the verdict of the jury was announced to the court. And we have a statute which further restricts the right requiring the plaintiff to take a nonsuit before the jury leaves the bar to deliberate upon their verdict. But in the case before us there is no law limiting the right to any particular time. It is not a very easy matter to say what the rule should be. Both by the common law and by our statute, when the case is tried by a jury, the plaintiff, before he determines whether he will take a nonsuit, not only has an opportunity of knowing precisely what the testimony is upon which his rights depend and upon which the jury are to act, but he also hears the charge of the court to the jury, so that he knows by what rules of law the jury are to be governed in deciding upon those facts. And all know, who have carefully observed the course of *nisi prius* trials, that it is as necessary to understand how

32

the law is to be laid down to the jury as to know what are the facts, to enable a party judiciously to determine whether or not to take a nonsuit; while it may be conceded, with equal propriety, that the party should not know what is the opinion of the jury.

Now, both these desirable ends cannot be attained when the court tries the question of fact in place of the jury. Either the plaintiff must have the benefit of the views of the court upon the law by which the case is to be governed, which can only be done after the court has expressed an opinion, or else he must be deprived of a right which was always guaranteed to him by the common law, and which is preserved to him by our statute in all cases of jury trial. It is true it may be impracticable to secure to him the right of knowing the views of the court upon the law of the case without his also becoming informed of its views of the facts. Were it practicable, we should certainly sanction the rule which should secure it. As it is, we must either abridge or extend the common law right. We prefer to adopt the latter course, as we think more conducive to justice, and hold that the plaintiff must have the right to take a nonsuit after the court has announced its opinion and before a note thereof is entered. We are aware that a different rule was adopted in Indiana, but the reasoning which led to that decision does not strike us with the same force that it did that court.

We are of opinion that the court erred in refusing to allow the plaintiff to take a nonsuit, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*