Travers v. Wormer.

---

## Richard P. Travers et al.
### v.
## Grover S. Wormer et al.

1. Matter of law and fact tried by the court by agreement.—Where a cause is submitted to the court for trial, by agreement of parties to the suit, the court derives its power to try the issues of fact involved solely from the agreement. When the terms of the agreement have been fulfilled, the power is exhausted, and the cause must thereafter proceed as though no such agreement had been made.

2. Effect given to finding of the court.—The finding of the court is given the same effect as a verdict of a jury, and is equally conclusive with a verdict upon all controverted questions of fact.

3. Practice—Non-suit.—Where the issues of fact are tried by the court, the right of the plaintiff to submit to a non-suit can not be exercised after the court has announced its finding, and such finding has been entered of record.

4. Power of judge.—A judge has no other or different power over a finding of the court than he has over a verdict. Where a court, after finding the issues for defendants, instead of awarding a new trial, in effect retried the case, and that, too, informally, Held, that this was error.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed April 24, 1883.

Mr. W. W. Evans, for appellants; that the death of a member of a firm, that has been acting as agent, dissolves the agency, cited Story on Agency, § 490; Johnson v. Wilcox, 25 Ind. 182; Martine v. International Ins. Co., 53 N. Y. 342.

The finding of a court is governed by the same rules as a

verdict of the jury: Fowler v. Towle, 49 N. H. 507; Field v. C. & R. I. R. R. Co. 71 Ill. 461; Cook v. Thayer, 11 Ill. 617; Ambs v. Honore, 24 Ill. 122; Eastman v. Brown, 32 Ill. 53.

All courts of record can modify or set aside entries of their own action made during the term, but that does not involve the right to refuse to enter, or set aside, a lawful verdict: Dover v. Kennedy, 44 Mo. 145.

As to implied warranty: Beens v. Williams, 16 Ill. 70; Babcock v. Trice, 18 Ill. 420; Doane v. Dunham, 65 Ill. 317; Union H. & L. Co. v. Reissing, 48 Ill. 76.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellees.

BAILEY, P. J.  This was a suit in assumpsit, brought by Grover S. Wormer and others against Richard P. Travers and others, to recover the value of a certain steam boiler, sold and delivered by the plaintiffs to the defendants.  The defendants pleaded the general issue and several special pleas, and issue being joined, by agreement of the parties made in open court, said cause was submitted to the court for trial without a jury.  The cause was thereupon tried by the court, and after hearing the evidence and the arguments of counsel, the court found the issues for the defendants and said finding was duly entered of record.  The plaintiffs thereupon moved for a new trial and said motion coming on to be heard several days afterward, and at the same term, the court, instead of granting a new trial, entered an order setting aside and vacating the finding previously entered of record, and in lieu thereof entered of record a finding of the issues for the plaintiffs and assessing the plaintiffs' damages at $300.  The defendants duly excepted to the entry of the last mentioned order, and also submitted their motion for a new trial, which motion being overruled, judgment was entered in favor of the plaintiffs for $300 and costs.

In suits at law the parties are entitled to have all issues of fact tried by a jury, but where they so agree, both matters of law and fact may be tried by the court without a jury.  Where such agreement is made, the court performs the functions and

stands in place of the jury. But where a cause is submitted to the court for trial, the court derives its power to try the issues of fact involved solely from the agreement of the parties. Such power is limited by the terms of the agreement, and when those terms have been once fulfilled the power is exhausted and the cause must thereafter proceed as though no such agreement had been made.

In this case the agreement of the parties waiving a jury was made just as the trial was about to commence, and the record of the agreement and of the trial and finding are all embraced by the clerk in one entry, which is as follows : " On the agreement of the parties to this suit, now here made in open court, this cause is submitted to the court for trial, without a jury, and the court now here, after hearing all the evidence adduced, the argument of counsel, and being fully advised in the premises, finds the issues for the defendants." What trial had the parties in contemplation in this agreement? Manifestly, the trial then about to take place, and which in fact did take place. For the purposes of that trial the powers of the jury were delegated to the judge, and in the exercise of such delegated powers he was authorized to do precisely what, in the absence of the agreement, might have been done by the jury, and no more. As said by the Supreme Court of New Hampshire in Fowler v. Towle, 49 N. H. 507: " While the judge, who then acts in the double capacity of judge and jury, has and may exercise all the powers both of the judge and jury, still he has no powers in addition to those which the court and jury have in an ordinary case."

When the trial was once concluded, and a finding of the issues for the defendants arrived at, announced and entered of record, the functions of the judge, acting in the capacity of a jury, were performed, and the case was in the same situation that it would have been in if the trial had taken place before the court and a jury, and a verdict been rendered to the same effect. Wherever the question has been raised the finding of the court has been given the same effect as the verdict of a jury. It is held to be equally conclusive with a verdict upon all controverted questions of fact. Field v. C. & R. I.

R. R. Co. 71 Ill. 458; Wood v. Price, 46 Id. 435. It forms the same as a verdict, the basis of the judgment of the court, and is subject to review in the same manner as a verdict. Where the issues of fact are tried by the court, the right of the plaintiff to submit to a non-suit can not be exercised after the court has announced his finding, and such finding has been entered of record. Howe v. Harroun, 17 Ill. 494; Adams v. Shepard, 24 Id. 469; Prindiville v. Leon, 11 Bradwell, 657. We know of no case holding that a finding by the court can be treated differently from a verdict of a jury, or that a judge has any other or different power over the one than over the other.

The court, after finding the issues for the defendants, had the power to set the finding aside and award a new trial; and if he was of the opinion that the finding was erroneous, it was his duty to do so. But instead of awarding a new trial, he, in effect, re-tried the case, and that, too, without hearing the witnesses or receiving any evidence, but acting wholly upon his recollection of the evidence introduced at a trial which had already been concluded. This was clearly erroneous. Even if the court had the power under the agreement of the parties to try the cause a second time without a jury, such second trial should have been proceeded with in due form. The parties should have been accorded an opportunity of introducing their evidence *de novo*, and the trial should have been conducted without reference to the proceedings upon a former trial which had proved abortive. But the agreement of the parties was a waiver of a jury only as to the trial which was pending when the agreement was made. If a second trial was to be had, they had a right to a jury and could not be deprived of such right except by their own consent.

Various other questions have been discussed by counsel which we do not deem it necessary to consider, but for the error above pointed out, the judgment will be reversed and the cause remanded.

Judgment reversed.