## William Brown v. Joseph H. Lawler.

### Gen. No. 12,899.

1. NONSUIT—*when plaintiff entitled to.* A plaintiff is entitled to a nonsuit where he asks for the same prior to the reading to the jury of the peremptory instruction for the defendant but after the same has been marked "given" and is about to be read.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the March term, 1906. Reversed and judgment here. Opinion filed December 13, 1906. Rehearing allowed January 7, 1907. Reversed and remanded on rehearing February 7, 1907.

MELVILLE & BROWN, for plaintiff in error.

THEODORE WALLISER, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an action by plaintiff in error against defendant in error to recover damages for alleged injuries to the person, averred to have been occasioned by defendant in error's negligence. At the conclusion of all the evidence the defendant, by his attorney, moved the court to exclude the evidence for the plaintiff, and to instruct the jury to find the defendant not guilty, and presented to the court a written instruction to that effect, to be given to the jury. The court, after hearing argument on the motion, sustained it, and marked the instruction "given," and arose to read the instruction to the jury, when the plaintiff, before the reading of the instruction by the court, moved for a nonsuit, which motion the court overruled and instructed the jury to find the defendant not guilty, which the jury did; and the court, after overruling plaintiff's motion for a new trial, rendered judgment on the verdict. It is assigned as error that the court erred in overruling

plaintiff's motion for a nonsuit, and, also, in over-ruling his motion for a new trial.

Section 49 of the Practice Act, passed in 1845, is as follows: "Every person desirous of offering a nonsuit, on trial, shall be barred therefrom unless he does so before the jury retire from the bar." Hurd's Rev. Stat. 1905, p. 1537, parag. 50.

In the practice in this state no distinction is made between a voluntary nonsuit, on motion of the plaintiff, and a motion of the plaintiff to dismiss, although at common law only the defendant could move for a nonsuit. 2 Tidd's Practice, sec. 868; Holmes v. C. & A. R. R. Co., 94 Ill. 439. In the case cited the court, commenting on a section of the limitation act in respect to nonsuits, say: "The law always, since 1845, permitted a plaintiff to take a nonsuit, and a dismissal and nonsuit by a plaintiff are precisely the same thing in effect, unless it be different in this section. The plaintiff may, no doubt, dismiss his suit at any time when court is in session, and may, since 1845, take a nonsuit in the same manner, but it most usually occurs in the progress of a trial."

In Berry v. Savage, 2 Scam. 261, the case had been submitted to the jury and they had retired to consider of their verdict, after which they found some difficulty in the evidence, when they returned into court and asked the court in regard to it, and the court, in response to their inquiry, instructed them. Thereupon the plaintiff moved for permission to take a nonsuit, and the court overruled the motion. The Supreme Court held this error and reversed the judgment, saying, among other things: "In order to bar the plaintiff's right of submitting to a nonsuit, the jury must have the whole of the case, including not only all the evidence, but the instructions of the court. Consequently, if, for any cause, the jury retire from the bar without having the whole of the case on which they are to render a verdict, the plaint-

iff's right to submit a nonsuit is not taken away.'' In the present case the court had not instructed the jury, and the cause had not been submitted to them.

In Howe v. Harroun, 17 Ill. 494, the court say: "Both by the common law and by our statute, when the case is tried by a jury, the plaintiff, before he determines whether he will take a nonsuit, not only has an opportunity of knowing precisely what the testimony is upon which his rights depend, and upon which the jury are to act, but he also hears the charge of the court to the jury, so that he knows by what rules of law the jury are to be governed in deciding upon those facts. And all know, who have carefully observed the course of *nisi prius* trials, that it is as necessary to understand how the law is to be laid down to the jury as to know what are the facts, to enable a party judiciously to determine whether or not to take a nonsuit.''

In cases tried by the court, without a jury, in which the court exercises the function of a jury, in finding the facts, the plaintiff may take a nonsuit after the court has announced its opinion, and before a note thereof is entered. Howe v. Harroun, *supra;* Adams v. Shepard, 24 ib. 464; 3 Ill. Cyclopedic Digest, p. 569, note 4, and cases cited.

The judgment will be reversed and the cause remanded, plaintiff in error to recover his costs of this court.

*Reversed and remanded.*