## Loretta R. McMechen, Appellee, v. Chicago, Burlington & Quincy Railway Company et al., Appellants.

### Gen. No. 15,940.

1.  NON-SUIT—*when may be taken.* A plaintiff has the absolute right to a non-suit after his side of the case has been closed in a jury trial and a motion for a peremptory instruction has been made and argued and a decision announced that a motion will be sustained, provided the motion for a non-suit is made before the court actually gives the instruction and before the court has entered the order and judgment on his docket.

2.  PRACTICE—*amendment to section 70 of act construed.* The intent of the legislature in amending section 70 of the Practice Act by inserting at the conclusion thereof the words, "or if the case is tried before the court without a jury, before the case is submitted for final decision," was to leave the rule as to non-suits exactly as it was originally in all trials wherein there was a jury but changed the rule in cases where trials were had before the court without a jury.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed November 15, 1911.

Statement by the Court. This is an appeal by the Chicago, Burlington & Quincy Railway Company and The Pullman Company from an order of the Circuit Court and the judgment entered pursuant thereto permitting appellee to take a non-suit.

Action was brought by appellee against appellants to recover for personal injuries. The trial was begun before the court and a jury. At the close of appellee's evidence appellants moved for a peremptory instruction. The jury was excused, the motion was fully argued on both sides, and at the conclusion of the argument, the court announced that he would give the peremptory instruction. The jury were sent for, but before it returned to the box, counsel for appellee asked leave to take a non-suit. Appellants objected, the

motion for non-suit was denied. and the jury returned a-verdict pursuant to the peremptory instruction of the court. Appellee moved for a new trial, and after full argument, the motion for a new trial was withdrawn and the court sustained appellee's motion to set aside the verdict, and granted her leave to take a non-suit, and appellants excepted.

WILLIAM BURRY, F. B. JOHNSTONE and C. M. DAWES, for appellants.

STEDMAN, SOELKE & SHUTAN, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The sole question presented to this court on this appeal is as to the right of a plaintiff to a non-suit after the plaintiff's side of the case has been closed in a jury trial, and the motion for a peremptory instruction has been made and argued, and a decision has been announced by the court that the motion will be sustained, the motion for a non-suit having been made before the court actually gives the instruction, and before the court has entered the order and judgment on his docket. This question under the practice in this state is governed by statute. Under the statute before it was amended, as construed by our Supreme Court, in order to bar the plaintiff's right to submit to a non-suit, the jury must have the whole of the case down to and including the instructions of the court. If for any reason the jury retired from the bar without having the whole of the case, the evidence, arguments and the law as announced in the court's instructions, the plaintiff's right to a voluntary non-suit was not taken away. This rule secured to a plaintiff not only the right of knowing the whole of the evidence in the case, but also of having the benefit of the arguments of opposite counsel, and the law of the case as given by

the court, so that he might judiciously determine whether or not to take a non-suit in a jury trial. In a trial before the court without a jury, the Supreme Court held under the old statute that the plaintiff could take a non-suit after the court had announced its opinion and before a note thereof had been entered. The plaintiff was thus permitted in a trial before the court without a jury to have even the benefit of the court's finding on questions of facts, in cases where such findings were necessary to a decision, before being required to determine whether or not he would submit to a non-suit. In all jury trials, therefore, prior to July, 1907, the plaintiff was entitled to take a non-suit, even in cases wherein motions for peremptory instructions were made, provided he elected to do so prior to the reading of the peremptory instruction to the jury. Berry v. Savage, 2 Scam. 261; Howe v. Harroun, 17 Ill. 494; Brown v. Lawler, 130 Ill. App. 540.

The old law and the amendment to the statute which appellant claims has changed the foregoing rules of law in jury trials, wherein the motion to direct a verdict is made, is found in section 70 of the Practice Act, which reads as follows: "Every person desirous of suffering a non-suit shall be barred therefrom, unless he do so before the jury retire from the bar, *or if the case is tried before the court without a jury, before the case is submitted for final decision.*" The words of the statute quoted in italics is the amendment in full. The other words quoted from the present statute, and not in italics, are identical with the old statute except that the old act contained the additional words, "on trial," just after the word, "non-suit," which may be treated as mere surplusage. It has long been recognized under our practice in this state that it was not altogether fair in trials before the court without a jury, for the plaintiff to be allowed a complete trial and decision of his whole case, before he was required to make his election of whether or not he would take

a non-suit. He could not obtain the verdict of the jury before making such election, but in a trial before the court without a jury it was possible to know the verdict or finding of the court, and his holding as to the law, before losing the right to take a non-suit. It was with some reluctance that the Supreme Court so decided in Howe v. Harroun, *supra,* but it was forced to either so decide or to take away the right of the plaintiff to know the court's holding as to the law, before electing to take a non-suit. The Supreme Court left it to the legislature to correct this inconsistency in trials before courts, and the statute was evidently amended with that view. While our present Practice Act is a revision of all our laws on the subject, and the old act was entirely repealed by it, yet those portions that are re-enacted are to be regarded as continuations and to receive the same construction as formerly, unless there is something added by way of amendment that is necessarily inconsistent with the old statute. The general rule is that courts will follow the interpretation of re-enacted statutes which they have previously received. The legislature is presumed to know the effect which such statutes originally had, and by re-enactment to intend that they should again have the same effect. Sutherland on Statutory Construction, secs. 269, 271, 273 and 403 (2nd Edition).

As 'we view the present statute, the intent of the legislature, as therein expressed, was simply to provide for what the rule should be in trials before the court *"without a jury,"* and to leave the rule exactly as it was originally in all trials wherein there is a jury. In this case, there was a jury, and, therefore, in the strict sense and within the meaning of the statute, it did not become a trial before the court without a jury at any stage of the trial. True it is that, after the motion to direct a verdict, whether or not that motion should prevail is a question of law. It is always so. But in a jury trial the plaintiff is entitled to know the law

from the court before electing to take a non-suit. The court may or may not direct a verdict, and if he does not direct a verdict, the case is finished as a jury case in every sense of that term. The plaintiff, we think, is entitled to notice that there is no longer a jury in the case before he be forced to make his election, and that there is not within the meaning of this statute a "trial before the court without a jury" in any case where a jury is impaneled until after it has been completely discharged from the case, and the matter voluntarily submitted for the decision of the court. The judgment of the lower court is right, and it is, therefore, affirmed.

*Affirmed.*