Joseph Daube, Defendant in Error, v. Jonas Kuppenheimer, Louis Kuppenheimer and Albert Kuppenheimer, trading as B. Kuppenheimer & Company, Plaintiffs in Error.

## Gen. No. 20,789.

1.  DISMISSAL, NONSUIT AND DISCONTINUANCE, § 3*—*how long right to dismiss has existed.* The right to take a voluntary nonsuit in jury cases has not changed since the year 1819, and such right is specifically recognized in the Municipal Court Act, sec. 30 (J. & A. ¶ 3342).

2.  TRIAL, § 183*—*when peremptory instruction may be withdrawn.* A trial judge may change his mind after he has announced his intention to give a peremptory instruction, and it is not error under ordinary circumstances to withdraw an instruction even after it has been read to the jury.

3.  DISMISSAL, NONSUIT AND DISCONTINUANCE, § 1*—*what is nature of right to take voluntary nonsuit.* The right to take a nonsuit is a substantial right and should not be taken away without giving the plaintiff some opportunity to exercise that right.

4.  DISMISSAL, NONSUIT AND DISCONTINUANCE, § 14*—*when party may take voluntary nonsuit.* Under the Practice Act, sec. 70 (J. & A. ¶ 8607) and sec. 30 of the Municipal Court Act (J. & A., ¶ 3342), as to the right to nonsuit, a plaintiff has the right to take a nonsuit if he so desires after he has learned the views of the court as to the law and before the jury actually retire.

5.  DISMISSAL, NONSUIT AND DISCONTINUANCE, § 14*—*when request for voluntary nonsuit not too late.* A request for a nonsuit in a jury trial does not come too late when made after the trial judge has directed a verdict and before the jury have done anything towards complying with the court's direction, and before any verdict has been signed, announced or otherwise rendered.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FELSENTHAL, BECKWITH, WILSON & SPINGLER, for plaintiffs in error; ARTHUR C. BACHRACH, of counsel.

ADLER & LEDERER, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

The plaintiff, Joseph Daube, brought suit in the Municipal Court for $8,721.99, alleged to be due him from the firm of B. Kuppenheimer & Company for salary and commissions on the sale of merchandise for the defendants. There were two trials. Upon the first trial a verdict was returned in favor of the plaintiff for $6,221.91, which was set aside and a new trial granted. Thereupon the defendants paid into court the sum of $1,991.03, admitted by them to be due to the plaintiff, and filed an amended affidavit of merits as to the remainder of the plaintiff's claim. A second trial was then had, covering several days' time and making a most voluminous record. After all the evidence was heard, the defendants orally and in writing moved the court to instruct the jury to find the issues for the defendants. This occurred during the forenoon session of July 15, 1913. The court heard arguments on the motion and took the same under advisement until two o'clock in the afternoon of the same day. At that time the court reconvened with all parties present and the jury in the jury box, whereupon the trial judge made the following statement: "In this case, gentlemen, I have come to the conclusion that it is incumbent upon the court to instruct the jury, *and I do instruct the jury* to assess the plaintiff's damages in the sum of $1,991.03, and you will sign a verdict for that amount. Now, the parties are entitled to the court's view or reasons for this action, and the court is entitled to state them so that the court cannot be misunderstood." The court then began stating his reasons, and was still stating such reasons when, at 2:45 p. m., plaintiff's counsel interrupted and asked to be permitted to take a nonsuit. The record shows

that after having made the preliminary announcement above quoted, and before he had begun stating his reasons, the trial judge handed a written form of verdict to the bailiff, but this form of verdict had not been signed by any of the jurors when the request for a nonsuit was made. The court allowed a nonsuit to be taken, and the suit was dismissed at the costs of the plaintiff. After making a motion to vacate the judgment, which was denied, the defendants sued out this writ of error.

The brief of counsel for defendants begins as follows: "The question presented to this court by this record is as follows: Has a trial Judge the power to permit a plaintiff to take a nonsuit *after the trial court has directed the jury to return a verdict* against the plaintiff *at the close of all the evidence,* and after pen, ink and the verdict is handed to the jury, and where the request for a nonsuit is first made forty-five minutes after the court had directed a verdict, and while the court is stating his reasons for his action, but before the verdict is signed?"

In *Howe v. Harroun,* 17 Ill. 494, 497, where the practice of taking *voluntary* nonsuits was under consideration, the court said: "By the common law the plaintiff could take a nonsuit at any time before the verdict of the jury was announced to the court."

In *Berry v. Savage,* 3 Ill. (2 Scam.) 261, it was said: "At common law, a plaintiff was permitted to take a nonsuit, at any time before the verdict was rendered in court. (*Wooster v. Burr,* 2 Wend. [N. Y.] 295.) But by the 13th section of 'an Act regulating the practice in the Supreme and Circuit Courts of this State, and for other purposes,' passed March 22, 1819, it is provided, that 'every person desirous of suffering a nonsuit on trial, shall be barred therefrom, unless he do so before the jury retire from the bar.'"

The identical words of the Statute of 1819 were re-enacted in the general revisions of 1845 and 1874. In

1907, this provision was amended to read as follows: "Every person desirous of suffering a non-suit shall be barred therefrom, unless he do so before the jury retire from the bar, or if the case is tried before the court without a jury, before the case is submitted for final decision." Practice Act, sec. 70 (J. & A. ¶ 8607).

Section 30 of the Municipal Court Act (J. & A. ¶ 3342) is, in part, as follows: "Every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case of the trial by the court without a jury, states its finding."

From these quotations it will be seen that the law in this State with reference to the right of a plaintiff to take a voluntary nonsuit in jury cases has not changed since the year 1819, and that this right is specifically recognized in the Municipal Court Act. The only change that has been made in the statutory law with reference to nonsuits has been the addition in 1907 of a clause fixing the time when the right is barred in nonjury cases. In jury trials, the only limitation that has ever been imposed by statute in this State upon the common-law right of a plaintiff to dismiss his suit at any time before a verdict is returned is the provision that he must do so "before the jury retire from the bar." In the ordinary case of a trial by jury the jury do not "retire from the bar" until they have heard all the evidence, the arguments of counsel and the instructions of the court; and in such case, it is the undoubted right of a plaintiff, under the statute, to dismiss his suit at his costs, after all the instructions have been given, provided he does so in the moment of time that usually intervenes between the reading of the last instruction and the actual retirement of the jury from the jury box to consider their verdict. In this case, the only instruction given was an oral instruction "to assess the plaintiff's damages" at the amount admitted by the defendants to be due,

which, in effect, amounted to a peremptory instruction to the jury to return a verdict in favor of the defendants as to the only matters in controversy. Upon the giving of such a peremptory instruction, the usual practice is to hand to the jury a prepared form of verdict, which is signed by the jury, under ordinary circumstances, without leaving the jury box. The real question in this case, therefore, is whether a request for a nonsuit in a jury trial comes too late if made after the trial judge has directed a verdict, but before the jury has done anything towards complying with the court's direction, and before any verdict has been signed, announced or otherwise rendered.

In *Berry v. Savage, supra,* after the jury had heard all the evidence, and had retired to consider their verdict, they returned into court and asked for instructions as to the effect of certain evidence. The court gave such an instruction, and thereupon, *after the instruction was so given,* the plaintiff's counsel asked for a nonsuit. The trial court refused this request, but the Supreme Court held that the right to a voluntary nonsuit was not barred under the statute until the jury retired the second time, *because all the instructions had not been given until that time.* The court said: ''We are clearly of the opinion that the plaintiff had a right to submit to a nonsuit, *when the instructions were given.''*

In *Howe v. Harroun, supra,* it is said: ''Both by the common law and by our statute, when the case is tried by a jury, the plaintiff, before he determines whether he will take a nonsuit, not only has an opportunity of knowing precisely what the testimony is upon which his rights depend and upon which the jury are to act, *but he also hears the charge* of the court to the jury so that he knows by what rules of law the jury are to be governed in deciding upon those facts. And all know, who have carefully observed the course of *nisi prius* trials, that *it is as necessary to understand how*

*the law is to be laid down to the jury as to know what
are the facts, to enable a party judiciously to determine
whether or not to take a nonsuit;* while it may be con-
ceded, with equal propriety, that the party should not
know what is the opinion of the jury." (Italics ours.)

Following this reasoning, it is manifest that a plain-
tiff cannot "hear the charge of the court" in any case
until the court had pronounced such charge, and hence
is not in a position to "judiciously determine whether
or not to take a nonsuit" until *after* he has heard the
charge *given,* i. e., spoken or read, to the jury. This
being true, it can make no difference, in principle,
whether the instruction so given be peremptory or
otherwise, for in either case the plaintiff cannot defi-
nitely know the views of the court as to the law of the
case until the instruction is given to the jury.

In *Brown v. Lawler,* 130 Ill. App. 540, a motion was
made by the defendant at the close of all the evidence
to instruct the jury to find the defendant not guilty,
and the defendant presented to the court a written in-
struction to that effect to be given to the jury. After
argument on the motion, the court sustained it and
marked the instruction "given," and arose to read
the instruction to the jury, when the plaintiff, be-
fore the instruction had been read, moved for a nonsuit.
The trial court denied the motion and instructed the
jury to find the defendant not guilty, and afterwards
entered judgment on the verdict. This judgment was
reversed by the Appellate Court of this district upon
the authority of *Berry v. Savage, supra,* and *Howe v.
Harroun, supra.*

In *Sroke v. R. W. McCready Cork Co.,* 156 Ill. App.
506, heard in the Appellate Court of this district upon
a writ of error to the Municipal Court, the facts, as
stated in the opinion, were as follows: "When plain-
tiff rested his case defendant moved to instruct a ver-
dict in its favor. This motion the trial judge deter-
mined to allow and was about to instruct the jury to

Daube v. Kuppenheimer et al., 195 Ill. App. 99.

render its verdict in defendant's favor when plaintiff, the jury still being in the jury box and not having left the bar of the court, moved for a nonsuit. This motion the court allowed and judgment for costs against plaintiff was accordingly entered." This judgment of the Municipal Court was affirmed upon the ground that section 30 of the Municipal Court Act (J. & A. ¶ 3342), which, it was pointed out, is the same as section 70 of the Practice Act (J. & A. ¶ 8607) so far as jury trials are concerned—permits a plaintiff to take a nonsuit at any time before the jury retires from the bar of the court. The court there said: "As early as *Berry v. Savage,* 2 Scam. 261, the court in construing this statute gave it a broad interpretation by holding that plaintiff's right to a nonsuit was not barred *until the whole case, evidence and instructions, were with the jury,* and that in the event of the jury returning to the bar of the court for further instructions, then before the jury again retired from the bar of the court the plaintiff might, if he saw fit, take a nonsuit." (Italics ours.)

In *McMechen v. Chicago, B. & Q. Ry. Co.,* 166 Ill. App. 150, upon a trial before a jury in the Circuit Court, the defendants moved for a peremptory instruction in their favor at the close of the plaintiff's evidence. The jury were excused, the motion was fully argued on both sides, and, at the conclusion of the argument, the court announced that he would give the peremptory instruction. The jury were sent for, but before they returned to the box, plaintiff's counsel asked leave to take a nonsuit. This request was denied, and the jury returned a verdict pursuant to the peremptory instruction of the court. Upon motion for a new trial, however, the verdict was set aside and the nonsuit allowed. This judgment of nonsuit was affirmed in the Appellate Court. In the opinion it is said:

"This question under the practice in this state is governed by statute. Under the statute before it was amended, as construed by our Supreme Court, in order to bar the plaintiff's right to submit to a nonsuit, the jury must have the whole of the case down to and including the instructions of the court. If for any reason the jury retired from the bar without having the whole of the case, the evidence, arguments and the law as announced in the court's instructions, the plaintiff's right to a voluntary nonsuit was not taken away. This rule secured to a plaintiff not only the right of knowing the whole of the evidence in the case, but also of having the benefit of the arguments of opposite counsel, *and the law of the case as given by the court*, so that he might judiciously determine whether or not to take a nonsuit in a jury trial." (Italics ours.)

It is true that in the same opinion the court said that where a motion is made for a peremptory instruction in a jury case, the plaintiff is entitled to take a nonsuit "provided he elected to do so prior to the reading of the peremptory instruction to the jury." But this proviso is a *dictum* merely under the facts of that case, is not found in any of the cases cited by the learned writer of the opinion, and is inconsistent with the view expressed in the opinion that the plaintiff *is entitled to know* "the law of the case as given by the court, *so that he might judiciously determine whether or not to take a nonsuit.*" A trial judge may change his mind after he has announced his intention to give a peremptory instruction; and it is not error, under ordinary circumstances, to withdraw an instruction even after it has been read to the jury. *Devine v. City of Chicago*, 178 Ill. App. 39.

In practice, the decision of the court upon a motion for a peremptory instruction is usually announced to counsel before the instruction is, in fact, read or given to the jury; and this practice is certainly in accord with the principle announced in the cases above cited. In the present case, however, the court orally in-

structed the jury to find a verdict *in the same sentence* in which he announced his decision upon the motion for an instructed verdict, without giving the plaintiff's counsel any opportunity whatever to move for a nonsuit until after the instruction had been orally pronounced. It is conceded by defendant's counsel that if the trial judge had not actually instructed the jury to sign a verdict, but had merely announced his intention to do so, and stated the reasons that prompted him so to do, the plaintiff's right to a nonsuit would not have been barred if exercised before the formal instruction was pronounced. The right to take a nonsuit is a substantial right, and ought not to be taken away without giving the plaintiff some opportunity to exercise that right. To hold that the plaintiff's right was barred merely because the peremptory instruction was pronounced in the same breath with the announcement of the court's decision upon the motion for an instructed verdict, would be, in effect, to deprive the plaintiff of any right of election, and, in our opinion, would give more effect to mere form than to substance. If, as was held in the cases above cited, the statute was intended to secure to a plaintiff not only the right of knowing the whole of the evidence in the case, but also of having the benefit of the arguments of opposite counsel and the law of the case as given by the court, so that he may (then) judiciously determine whether or not to take a nonsuit, then it follows that he cannot be deprived of that right until he has had an opportunity to make his election after he is advised of the court's views as to the law of the case. The important and essential thing is that the plaintiff shall have an opportunity to take a nonsuit, if he so desires, after he has learned the views of the court as to the law, and before the jury actually retire; and it is unimportant and immaterial whether such knowledge is conveyed to him by a preliminary

announcement of the court's views upon the law of the case, or by an instruction to the jury.

It is contended by defendant's counsel that where a peremptory instruction is given in a jury case, the actual signing of the verdict by the jury is a mere matter of form which may legally be dispensed with, and therefore, it is said, the moment the peremptory instruction is given, the function of the jury ceases, and there is, in effect, a "retirement" of the jury from the bar. If this conclusion is sound, then, by the same reasoning, the actual reading of the peremptory instruction to the jury—or, in the Municipal Court, the oral utterance of such an instruction to the jury—is also a mere formality, which may legally be dispensed with, and the jury's functions would cease as soon as the court has reached a conclusion as to the legal questions raised by a motion for a directed verdict, favorable thereto, whether such conclusion be announced by the court or not. If this were the intention of the statute, it should read as follows: Every person desirous of suffering a nonsuit shall be barred therefrom unless he do so before the arguments are concluded, or before the court has announced any conclusion as to the law of the case. Such is not the reading of the statute.

For the reasons stated, the judgment of the Municipal Court will be affirmed.

*Affirmed.*