JOSEPH DAUBE, Appellee, *vs.* JOSEPH KUPPENHEIMER *et al.* Appellants.

*Opinion filed February 16, 1916—Rehearing denied April 7, 1916.*

1. PRACTICE—*common law rule as to taking non-suit.* At common law a plaintiff was permitted to take a non-suit at any time before the verdict was rendered in court.

2. SAME—*common law rule as to non-suit has been changed by statute.* Under section 70 of the Practice act a plaintiff desirous of suffering a non-suit must do so before the jury retire from the bar, or, in case of a trial without a jury, before the case is submitted to the court for final decision; and the provision of the Municipal Court act is the same, except that in a trial without a jury the non-suit must be taken before the court states its finding.

3. SAME—*rule as to a non-suit where verdict is directed.* The fact that the court directs a verdict does not put the case in the class of a trial without a jury under section 70 of the Practice act or section 30 of the Municipal Court act, and the plaintiff may take a non-suit after the court has directed a verdict unfavorable to him and during the time the court is stating its reasons for the ruling, provided the jury has not left the bar or signed the verdict, the form of which has been delivered to it.

4. STATUTES—*courts will follow the construction given a statute previous to its re-enactment.* In the interpretation of a provision of a statute which has been re-enacted the courts will follow the construction given to such provision previous to its re-enactment, as the legislature is presumed to know what effect such provision had originally and to have intended it to have the same effect upon its re-enactment.

APPEAL from the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

FELSENTHAL & WILSON, (ARTHUR C. BACHRACH, of counsel,) for appellants.

ADLER & LEDERER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee, Joseph Daube, brought suit in the municipal court of Chicago against appellants for salary and commission alleged to be due him for the sale of merchandise. The trial court at a certain stage in the proceedings allowed a non-suit to be taken by appellee and the suit was dismissed at appellee's cost. Thereafter appellants moved to vacate the judgment, which motion was denied. Appellants took the case to the Appellate Court by writ of error, where the judgment of the municipal court was affirmed. The Appellate Court thereupon granted a certificate of importance, and this appeal followed.

After all the evidence was heard on the trial in the municipal court appellants orally and in writing moved the court to instruct the jury to find for the appellants. This occurred during the forenoon session on July 15, 1913. The court heard arguments on the motion and took the same under advisement until two o'clock the same afternoon. When the court re-convened, with all parties present and the jury in the jury box, the trial judge made the following statement: "In this case, gentlemen, I have come to the conclusion that it is incumbent upon the court to instruct the jury, and I do instruct the jury, to assess the plaintiff's damages in the sum of $1991.03, and you will sign a verdict for that amount. Now, the parties are entitled to the court's views or reasons for this action, and the court is entitled to state them so that the court cannot be misunderstood." The court began stating his reasons, and was still stating them when the plaintiff's counsel interrupted and asked for a non-suit. The record shows that when he made the preliminary announcement above quoted, and before he began stating his reasons, the trial judge handed a written form of verdict to the bailiff. This form of verdict had not been signed by any of the jurors, how-

ever, when the motion for a non-suit was made, and the jurors had not so signed when the motion was allowed.

Counsel for appellants in their brief present the question here to be considered, as follows: "Has a trial judge the power to permit a plaintiff to take a non-suit after the trial court has directed the jury to return a verdict against the plaintiff at the close of all the evidence, and after pen, ink and the verdict is handed to the jury, and where the request for a non-suit is first made forty-five minutes after the court had directed a verdict and while the court is stating his reasons for his action but before the verdict is signed?"

At the common law a plaintiff was permitted to take a non-suit at any time before the verdict was rendered in court. (*Berry* v. *Savage,* 2 Scam. 261.) By the thirteenth section of an act regulating the practice in the circuit and Supreme Courts in this State, passed March 22, 1819, it was provided that "every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar." (Laws of 1819, p. 142.) This section was re-enacted in the Practice act of 1845 without change, and again in 1872. (Rev. Stat. 1845, sec. 29, p. 417; Laws of 1872, p. 346.) In the revision of the Practice act which went into effect July 1, 1907, this section of the statute was modified and re-enacted as section 70, which is now in force and reads: "Every person desirous of suffering a non-suit shall be barred therefrom, unless he do so before the jury retire from the bar, or if the case is tried before the court without a jury, before the case is submitted for final decision." (Laws of 1907, p. 458.) A provision of section 30 of the Municipal Court act in force September 17, 1907, is substantially the same as the section of the Practice act just quoted, and reads: "Every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case the

trial is by the court without a jury, states its finding."
(Hurd's Stat. 1913, p. 737.)

It will thus be seen that the law in this State with ref-
erence to the right to take a non-suit in cases tried before
a jury has remained substantially unchanged since the year
1819; that while under the common law plaintiff could take
a non-suit at any time before the verdict was announced in
the court, under our statutes it has always been the rule
that he must take his non-suit before the jury retired from
the bar. Under the common law, parties could not submit
the issues of fact for trial to the court in place of a jury,
but our statutes authorize the parties, by mutual consent, to
do this. (*Howe* v. *Harroun,* 17 Ill. 494; *Adams* v. *Shep-
ard,* 24 id. 464.) In these two cases it was held, because
of this authority to submit a case to the court on the facts,
that a non-suit could be taken by the plaintiff in a trial be-
fore the court at any time during the trial, and even after
the court had announced its opinion but before a note was
made of such opinion on the records of the court. It will
be noted, however, that the statute as to taking non-suits,
before the act of 1907 was passed, made no provision for
taking a non-suit on the trial before the court. In this last
act, section 70 provided that the non-suit could be taken
in a trial before the court only "before the case is submit-
ted for final decision," thus somewhat limiting the time in
which such non-suit could be taken in such a trial from
what it was under the previous practice in this State. In
*Berry* v. *Savage, supra,* after the jury had heard all the
evidence and had retired to consider their verdict, they re-
turned into court and asked for instructions as to the ef-
fect of certain evidence. The court gave such instructions,
and thereafter, before the jury again retired, the plaintiff's
counsel moved the court for a non-suit. This motion was
denied by the trial court, but this court held that the right
to a voluntary non-suit was not barred, under the statute,
until the jury retired the second time, saying (p. 262):

272 – 23

"We are clearly of opinion that the plaintiff had a right to submit to a non-suit when the instructions were given." In *Howe* v. *Harroun, supra,* the court said (p. 497) : "Both by the common law and by our statute, when the case is tried by a jury, the plaintiff, before he determines whether he will take a non-suit, not only has an opportunity of knowing precisely what the testimony is upon which his rights depend and upon which the jury are to act, but he also hears the charge of the court to the jury, so that he knows by what rules of law the jury are to be governed in deciding upon those facts." This court does not seem to have passed upon the application of these statutes to a case in which the court directed a verdict. Various Appellate Courts in this State, and some of the Federal *nisi prius* courts, have construed the statutes in connection with directed verdicts, but, of course, none of those decisions could be more than persuasive in this court, and we do not deem it necessary to review them here.

In a trial before the court without a jury, before the statute of 1907, the plaintiff was permitted to have the benefit of the court's finding on questions of fact before being required to determine whether he would submit to a non-suit. We think it is clear, therefore, that previous to that statute there could be no ground for holding that in jury trials the plaintiff was not entitled to take a non-suit, even in cases where motions for peremptory instructions were made, at any time "before the jury retired from the bar," and if the jury did not retire from the bar but signed their verdict in the jury box the statute could not have been applied in any other practical way than to allow a non-suit before a directed verdict was signed. So far as the question here concerned is involved, the statute of 1907 as to jury trial is substantially identical with the wording of all the earlier statutes on this question. The general rule is, that courts, in the interpretation of a re-enacted statute, will follow the construction given such statute before its re-

enactment. The legislature is presumed to know the effect which such statutes originally had, and by re-enactment to intend that they should again have the same effect. (Lewis' Sutherland on Stat. Const.—2d ed.—secs. 268, 271, 273, 403; *McGann* v. *People,* 194 Ill. 526.) By the act of 1907 the legislature added a provision never before in the statute, as to the time when a non-suit could be taken when a case was tried before the court without a jury, and substantially the same provision was inserted in the Municipal Court act. Manifestly, the legislature intended to leave the rule as to non-suits in cases tried before a jury exactly as it originally was, in all trials where there was a jury. In this case there was a jury. The court may or may not direct a verdict, and if it does not, the case is carried on to the end as a jury case in every sense of the term. We do not think the legislature intended, either by section 70 of the general Practice act or section 30 of the Municipal Court act, to class a trial by the jury under a directed verdict as a case heard before the court.

Counsel argue at length as to the wisdom and justice of the construction of the statute along the lines followed in this decision. A reading of the opinions in *Berry* v. *Savage, supra,* and *Howe* v. *Harroun, supra,* will indicate that the court at that early date thought that the right to take a non-suit was a substantial right, and that there was no injustice in allowing it to be taken at any time, under the rules laid down in the decisions just cited. The reasoning in those cases does not seem to be in accord with the argument of counsel for appellants on this point. The intent of the legislature, however, in passing this statute is the question that we are here considering, and not the wisdom of the enactment.

Counsel for appellants have argued earnestly and exhaustively that because, under the practice in this State, the giving of a peremptory instruction directing a verdict has in almost all cases in recent years been used as a substitute

for the former practice of a demurrer to the evidence, and because the practice when the demurrer to the evidence was allowed was for the trial judge to enter a final judgment without the intervention of a jury, therefore when a verdict is directed the same practice should obtain, as any actual consideration of the case by the jury is done away with. We think this argument has little, if any, bearing on the question here involved. If the legislature intended to class a directed verdict as a trial by the court under these statutes as to taking non-suits, it could easily have said so. Surely, in view of the history of the legislation on this subject and the decisions on the various acts, not only under the letter but by the spirit of these statutes, even when a verdict is directed the trial must be held to be a jury trial so far as concerns the taking of a non-suit.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*