### Phoebe Colvin, Appellant, v. City of Roodhouse, Appellee.

DISMISSAL, NONSUIT AND DISCONTINUANCE, § 14*—*when motion to enter voluntary nonsuit is improperly denied.* Under the Practice Act, sec. 70 (J. & A. ¶ 8607), providing that every "person desirous of suffering a nonsuit shall be barred therefrom unless he do so before the jury retire from the bar," a plaintiff is entitled to take a nonsuit, in a case where a peremptory instruction is requested on a trial before a jury, where he makes a motion for leave to take a voluntary nonsuit immediately after the defendant requests a peremptory instruction and before the court gives the peremptory instruction.

Appeal from the Circuit Court of Greene county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed July 14, 1917.

WHITESIDE & WRIGHT, for appellant.

THOMAS HENSHAW, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case begun on August 25, 1916, by Phoebe Colvin against the City of Roodhouse

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to recover for personal injuries averred to have been received by her on August 2, 1916, because of the negligence of defendant in permitting a sidewalk to be and remain in an unsafe and dangerous condition whereby she was injured while in the exercise of due care. The declaration does not contain any averment that prior to the institution of the suit any notice had been filed with the city officials as is required by section 7 of the Personal Injuries Act (J. & A. ¶ 6190). The case was tried before a jury September 8, 1916. After the evidence had been closed and the opening argument made by counsel for plaintiff, the defendant entered a motion "to dismiss suit and for judgment in bar of action because no notice of injury had been given as required by statute, and that such notice was not averred and proved," and requested the court to give a peremptory instruction to find the defendant not guilty. Thereupon the plaintiff entered a cross motion for leave to take a voluntary nonsuit. The court denied the cross motion and gave the peremptory instruction requested by defendant, in pursuance of which the jury returned a verdict of not guilty. A motion for a new trial on the ground that the court erred in overruling the cross motion was denied and judgment entered on the verdict. The plaintiff appeals.

The only question involved is the ruling of the court in denying the motion of plaintiff for leave to enter a voluntary nonsuit. Section 70 of the Practice Act, as amended in 1907, reads as follows (J. & A. ¶ 8607): "Every person desirous of suffering a nonsuit shall be barred therefrom, unless he do so before the jury retire from the bar, *or if the case is tried before the court without a jury, before the case is submitted for final decision.*" This provision of the Practice Act, so far as it affects cases tried by a jury, has remained unchanged since 1819. The words in italic were

added in 1907, and are only applicable to cases tried by the court without a jury. It was held under the act before the amendment of 1907 that the plaintiff was entitled to take a nonsuit, in cases wherein motions for peremptory instructions were made, provided he elected to do so prior to the reading of the peremptory instructions to the jury (*Berry v. Savage,* 3 Ill. (2 Scam.) 261; *Howe v. Harroun,* 17 Ill. 494; *Brown v. Lawler,* 130 Ill. App. 540); and the same has uniformly been held to be the rule since that amendment was made (*McMechen v. Chicago B. & Q. Ry. Co.,* 166 Ill. App. 150; *Daube v. Kuppenheimer,* 195 Ill. App. 99). The court erred in overruling the cross motion of appellant and in giving the peremptory instructions requested by appellee. The judgment is reversed and the cause remanded with instructions to the trial court to grant the cross motion of appellant for leave to enter a nonsuit.

*Reversed and remanded with directions.*