American Shipping Company, Appellant, v. Alexander Henderson, trading as A. Henderson & Company, Appellee.

## Gen. No. 25,198.

1. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 15*—*when motion for nonsuit in Municipal Court is not too late.* Under section 30 of the Municipal Court Act (J. & A. ¶ 3342), a motion for a nonsuit is not too late when made after a motion at the close of plaintiff's case for a finding in defendant's favor but before any decision upon it, even though made after a remark of the court indicating the state of his mind and his intention regarding his decision upon defendant's motion.

2. TRIAL, § 170*—*nature of motion by defendant for finding in his favor.* A motion by a defendant, made at the close of plaintiff's case, for a finding in his favor is, in effect, a demurrer to plaintiff's evidence, and, in the orderly sequence of procedure, there can be no ultimate finding until such motion is decided.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. JAMES DONAHOE, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded with directions. Opinion filed December 8, 1919.

PINES & NEWMANN, for appellant; ALVIN E. STEIN, of counsel.

WEST & ECKHART, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal by plaintiff from a *nil capiat* judgment rendered on the finding of the court to whom the cause was submitted for trial.

Plaintiff contends that its motion for a nonsuit should have been allowed and not denied, as it was. The record discloses that at the conclusion of plaintiff's case defendant moved for a finding in his favor, whereupon the trial judge made remarks indicating the state of his mind and his intentions regarding his decision on the motion, when counsel for plaintiff argued, with citation of supporting authorities, against the judge's attitude. Thereupon the judge refrained from further action and continued the hearing to a week from the following Saturday at twelve o'clock, saying: "Well, gentlemen, if I am to look over these authorities here, I will set this for a week from Saturday, twelve o'clock, and I will just hand out my decision as I thought of doing today, until you made the argument."

It is well to bear in mind that at the time the trial judge made the foregoing announcement a motion to find for defendant was pending and undetermined. On the call of the case on Saturday and before the court had indulged in any observations in relation thereto, plaintiff's counsel said: "If the Court please, we ask for a nonsuit," to which the judge replied: "All right, suit dismissed, plaintiff's costs." There then

ensued a triangular argument between court and counsel for each of the parties, raised by defendant's contention that the motion for a nonsuit came too late. The judge finally reversed his former holding and entered the judgment of *nil capiat* before us.

The judgment in this record is a Municipal Court judgment, and the Municipal Court Act therefore controls. By section 30 of that Act (J. & A. ¶ 3342) a plaintiff may suffer a nonsuit on a trial before the court at any time before the court "states its findings." By section 70 of the Practice Act (J. & A. ¶ 8607) such a nonsuit may be suffered at any time "before the case is submitted for final decision."

It will be observed that there is a sharp distinction between the provisions of these two sections. When the court took the case he had made no decision of the motion of defendant for a finding in his favor. What the court had theretofore said was not a finding, but only an indication of the state of his mind, and the further action of the court was suspended when the cause was continued to a future time for further action.

In no sense can it be said that the court had made a finding. In the orderly course of procedure there could be no finding made by the court until the motion for a finding favorable to defendant had first been decided by the court. The motion was in effect a demurrer to the evidence of plaintiff, and, in the orderly sequence of procedure, not until this motion was decided could there be an ultimate finding. After the decision of the pending motion, and before the announcement of the judge's finding, plaintiff might take a nonsuit.

In *Springer v. Campbell Co.*, 174 Ill. App. 278, this court held that a motion for a nonsuit came too late because it came after the court had stated its finding. That is not the condition of the record before us.

A substantial right, such as the taking of a nonsuit, should not be defeated by a quibble as to who spoke first; nor should the right be lost by a subterfuge, as

in the *Springer* case, *supra,* when the trial judge anticipating, as he stated, a motion for a nonsuit, without any announcement of his intended action, secretly wrote a finding in the case with the design of depriving the plaintiff of his statutory right to a nonsuit.

The record in this case is more akin to *Kilroy v. Justrite Mfg. Co.,* 209 Ill. App. 499, in which we said:

"The decision of the motion before the court was not the finding contemplated by the statute. Counsel were not required to anticipate that the court would sustain the motion. This motion was opposed, and if not granted defendant would have been put to its defense. What the statute means by the court's finding is the court's ultimate finding after the cause is submitted by all the parties. So it was held in *Daube v. Kuppenheimer,* 272 Ill. 350, where a motion for an instructed verdict was made, and before the verdict was signed plaintiff moved for a nonsuit, that the motion must be granted, as it was, and the judgment of nonsuit was affirmed in both this and the Supreme Court. In *Berry v. Savage,* 2 Scam. 261, it was held under a similar statute that when the jury had retired to consider of their verdict and afterwards returned into court for further instruction and plaintiff moved for a nonsuit before the jury had again retired from the bar of the court, it was reversible error to deny the motion, and the Supreme Court reversed the judgment and entered a judgment of nonsuit in the reviewing court."

When the case was adjourned for the judge to examine the authorities cited by plaintiff's counsel, no finding had been made; nor had the motion for a finding in defendant's favor been decided. In the then condition of the record it was open to the trial judge to enter such order as he might have concluded from the examination of plaintiff's authorities was proper to be made. Now, before an opportunity to decide had been given the judge, plaintiff's counsel moved for a nonsuit, and we hold that in this state of the record the motion for a nonsuit should have been allowed,

For not permitting plaintiff to take a nonsuit, the judgment of the Municipal Court is reversed and the cause is remanded to the Municipal Court with directions to enter a judgment of nonsuit.

*Reversed and remanded with directions.*