428    APPELLATE COURTS OF ILLINOIS.

M. P. R. R. Co. v. Western Heater Despatch Co., 220 Ill. App. 428.

## Missouri Pacific Railroad Company, Appellant, v. Western Heater Despatch Company, Appellee.

### Gen. No. 26,267.

DISMISSAL, NONSUIT AND DISCONTINUANCE, § 3*—*when right of nonsuit should not be denied.* Where plaintiff moved for a nonsuit, after the court had indicated that it would find for the defendant because of an infirmity in plaintiff's proof, but before any ruling or finding for defendant was actually made, the motion for a nonsuit should have been allowed, as a substantial right, such as the taking of a nonsuit, should not be defeated by a quibble as to who speaks first.

Appeal from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded with directions. Opinion filed January 10, 1921.

JEFFERY, CAMPBELL & CLARK, for appellant; STEPHEN A. CROSS, of counsel.

ELLIOTT R. GOLDSMITH, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The real question before us for decision is the right of plaintiff to a nonsuit at the time he moved for it.

The suit was brought to recover for repairs made by plaintiff upon certain of defendant's cars upon an implied contract arising out of a custom said to exist between the railroads and the defendant company. Plaintiff had, according to defendant's contention, failed to make sufficient proof of any such custom. When plaintiff rested its case defendant's counsel said: "I think there should be a finding for the de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant on the ground that plaintiff has not made out a prima facie case.'' The court then said: ''I don't see how I can do anything else except find for the defendant.'' Thereupon there was considerable argument between the court and counsel for both parties. In reply to the court's indication counsel for plaintiff said:

''If the fact that the bills are reasonable, they are admitted to be made so, coupled with the further fact that it is the general custom of the railroads to make minor repairs on cars from other lines, and coupled with the further fact that Mr. Ingalls has at all times recognized and paid these bills for the last 15 years—if that doesn't furnish such a custom as to justify us in making repairs and to charge them with it, I will state to the court that I have not the evidence to prove each particular item. I could show what they are for, but I cannot do it with the man that is with me.''

The court further said, after considerable argument:

''I don't think there is any doubt about it. The only way in which you can recover in this case is to prove that some act of the witness or by the government, such repairs are authorized and that these repairs may have been made under these rules. If you can bring in that rule, I would say that you can recover.''

Thereupon plaintiff's counsel addressing the court said: ''Well, we will take a nonsuit then.'' Thereupon the court erroneously said: ''If counsel objects, I really cannot give it to you because I have already found for the defendant.'' And the court entered a finding and judgment accordingly.

If what defendant's counsel said to the court at the close of plaintiff's case may be regarded as a motion for a finding in its favor, that motion was not disposed of nor ruled upon by the court before plaintiff made its motion for a nonsuit.

It is patent that plaintiff's counsel having been con-

vinced by the court that there was an infirmity in his proof, and it being equally patent that such infirmity could be supplied but not at that time, the only way out of the dilemma was to take a nonsuit, which he endeavored to do and which motion for a nonsuit the court should have allowed. Up to the time plaintiff moved for a nonsuit the court had only indicated what was in his mind regarding the missing link in the proof. It had made no ruling or finding up to that time. As we said in *American Shipping Co. v. Henderson*, 216 Ill. App. 175.

"A substantial right, such as the taking of a nonsuit, should not be defeated by a quibble as to who spoke first; nor should the right be lost by a subterfuge."

What we said in *Kilroy v. Justrite Mfg. Co.*, 209 Ill. App. 499, is equally applicable to the condition of the record before us, viz.:

"The decision of the motion before the court was not the finding contemplated by the statute. Counsel were not required to anticipate that the court would sustain the motion. This motion was opposed, and if not granted defendant would have been put to its defense. What the statute means by the court's finding is the court's ultimate finding after the cause is submitted by all the parties. So it was held in *Daube v. Kuppenheimer*, 272 Ill. 350, where a motion for an instructed verdict was made, and before the verdict was signed plaintiff moved for a nonsuit, that the action must be granted, as it was, and the judgment of nonsuit was affirmed in both this and the Supreme Court. In *Berry v. Savage*, 2 Scam. 261, it was held under a similar statute that when the jury had retired to consider of their verdict and afterwards returned into court for further instruction and plaintiff moved for a nonsuit before the jury had again retired from the bar of the court, it was reversible error to deny the motion, and the Supreme Court reversed the judgment and entered a judgment of nonsuit in the reviewing court."

For the error in denying plaintiff's motion for a nonsuit, the judgment of the municipal court is reversed and the cause is remanded to that court with directions to enter a judgment of nonsuit.

*Reversed and remanded with directions.*

DEVER and McSURELY, JJ., concur.